2601 S OLIVER ST
WICHITA, KS 67210-1205



**Kansas**
Department of Health
and Environment

BLESSYN S RIGGS
1953 N KANSAS AVE
WICHITA, KS 67214-1720

Notice Date:      12/18/2021
Case Name:      BLESSYN S RIGGS
Case Number:   20142822
Program:          Medical

We are changing your Medical Assistance coverage or benefits effective 02/01/2022 for the following individuals:

BLESSYN S. RIGGS

Medical assistance for BLESSYN S. RIGGS is changing.

Social Security benefits have changed. If you or a member of your household gets Social Security benefits, we have used your new Social Security amount to determine your eligibility and share of cost / premium.

The Medicaid ID number is: 00102329428.

There has been a change in KanCare medical assistance for BLESSYN S. RIGGS as of 02/01/2022.

This action is based on Kansas Economic and Employment Services Manual section(s) 2610; 6200; 7500; 2662 and subsections.

If you have any other insurance, you must use that insurance before KanCare will pay any medical bills.

**\*\*\*\*\*\*\*\*\*IMPORTANT INFORMATION\*\*\*\*\*\*\*\***
If you receive other income, such as Veteran's Benefits (VA), Railroad Retirement or other pension benefits, report any change(s) to us.
If you have other health insurance through Blue Cross/Blue Shield or another carrier, report any changes in your premium to us.
Remember to report these changes within 10 days!

Please read the last page of this letter. It has important information. It tells you about your right to a fair hearing.

We provide interpreter services at no cost.

If you have any questions, please contact Wichita DCF Office at (888) 369-4777 between 8:00 AM and 5:00 PM Monday through Friday.

S

Ex A

See Ex B

Comments:

**RIGHT TO REQUEST A FAIR HEARING** You have the right to ask for a fair hearing if you do not agree with a decision made about your case. You may ask for a hearing in writing or by phone. Your request for hearing must be received within 30 calendar days, plus 3 extra days for mailing, from the date on the notice of decision. You can represent yourself at the hearing or have someone represent you. Fair hearing decisions are most often made within 90 calendar days from the date of request. You can ask for an expedited (fast) hearing if you have an urgent medical need. You must send papers from a medical professional as proof of the urgent medical need at the time you ask for an expedited hearing. If approved, the expedited hearing will be set as soon as possible. If denied, the hearing will be set in the usual amount of time. If you ask for a hearing, you may be able to keep your coverage while you wait for your hearing decision. If your coverage continues until the hearing decision, you may have to pay back any assistance you receive if the decision is not in your favor. Continuation of benefits pending a fair hearing decision does not apply to CHIP coverage. Your hearing decision may result in a change in coverage for other members of your household. To ask for a fair hearing, you must call 1-800-792-4884 (TTY 1-800-792-4292) or mail your request to The Office of Administrative Hearings, 1020 S. Kansas Ave, Topeka, KS 66612.

**CIVIL RIGHTS PROVISION** If you feel you have been discriminated against on the basis of age, race, color, sex, sexual orientation, religion, national origin, or political belief in any program administered by the Kansas Department of Health and Environment, call 1-800-792-4884 (TTY 1-800-792-4292) for information on filing a complaint.

**PENALTY FOR FRAUD** Persons found guilty of intentionally obtaining benefits for which they are not entitled will be barred from receiving assistance in accordance with program guidelines and may also be subject to a fine or imprisonment or both.

**REPORTING CHANGES** You are required to report changes. We will tell you which changes you are required to report. If you have questions about your reporting requirements, please contact us.

**HEALTH INSURANCE** You must report to KDHE all changes in your health insurance coverage, health insurance coverage available through your employer, and insurance settlements due to accident or injury. You must notify your medical providers of all health insurance, including Medical Assistance, at the time of treatment.

**TOLL FREE NUMBERS:**
   KanCare Medical Eligibility 1-800-792-4884 (TTY 1-800-792-4292)
   KanCare Managed Care Enrollment Center 1-866-305-5147

**OFFICE OF ADMINISTRATIVE HEARINGS**
   Office of Administrative Hearings
   1020 S. Kansas Avenue
   Topeka, KS 66612-1327

NOTARY PUBLIC - State of Kansas
SHELBY BURNS
My Appt. Expires 1/30/23

Attention: *If you speak another language, assistance services, free of charge, are available to you.* **Call 1-800-792-4884 (TTY: 1-800-792-4292)**

### العربية / ARABIC

ملحوظة: إذا كنت تتحدث اذكر اللغة، فإن خدمات المساعدة اللغوية تتوافر لك بالمجان. اتصل برقم **4884-792-800-1** (رقم هاتف الصم والبكم: **1-800-792-4292**).

### မြန်မာ / BURMESE

သတိပြုပ်ရန် - အကယ်၍ သင့်သည် ျမန္မာစကားကို ေျပာပါက၊ ဘာသာစကား အကူအညီ အခမဲ့၊ သင္ဲ့အတြက္ စီစဥ္ေဆာင္ရြက္ေပးပါမည္။ ဖုန္းနံပါတ္ **1-800-792-4884** (TTY: **1-800-792-4292**) သုိ႔ ေခၚဆုိပါ။

### 中文 / CHINESE

注意：如果您使用繁體中文，您可以免費獲得語言援助服務。請致電**1-800-792-4884** (TTY: **1-800-792-4292**)。

### فارسی / FARSI

توجه: اگر به زبان فارسی گفتگو می کنید، تسهیلات زبانی بصورت رایگان برای شما فراهم می باشد. با **1-800-792-4884 (TTY: 1-800-792-4292)** تماس بگیرید.

### FRANÇAIS / FRENCH

Attention : Si vous parlez français, des services d'aide linguistique vous sont proposés gratuitement. Appelez le **1-800-792-4884** (ATS: **1-800-792-4292**).

### DEUTSCHE / GERMAN

Achtung: Wenn Sie Deutsch sprechen, stehen Ihnen kostenlos sprachliche Hilfsdienstleistungen zur Verfügung. Rufnummer: **1-800-792-4884** (TTY: **1-800-792-4292**).

### HMOOB / HMONG

Lus Ceev: Yog tias koj hais lus Hmoob, cov kev pab txog lus, muaj kev pab dawb rau koj. Hu rau **1-800-792-4884** (TTY: **1-800-792-4292**).

### 日本語 / JAPANESE

注意事項：日本語を話される場合、無料の言語支援をご利用いただけます。**1-800-792-4884** (TTY: **1-800-792-4292**)まで、お電話にてご連絡ください。

### 한국어 / KOREAN

주의: 한국어를 사용하시는 경우, 언어 지원 서비스를 무료로 이용하실 수 있습니다. **1-800-792-4884** (TTY: **1-800-792-4292**) 번으로 전화해 주십시오.

### ລາວ / LAO

ໂປດຊາບ: ຖ້າວ່າ ທ່ານເວົ້າພາສາ ລາວ, ການບໍລິການຊ່ວຍເຫຼືອດ້ານພາສາ, ໂດຍບໍ່ເສັຽຄ່າ, ແມ່ນມີພ້ອມໃຫ້ທ່ານ. ໂທຣ**1-800-792-4884** (TTY: **1-800-792-4292**).

### РУССКИЙ / RUSSIAN

Внимание: Если вы говорите на русском языке, то вам доступны бесплатные услуги перевода. Звоните **1-800-792-4884** (телетайп: **1-800-792-4292**).

### ESPAÑOL / SPANISH

Atención: si habla español, tiene a su disposición servicios gratuitos de asistencia lingüística. Llame al **1-800-792-4884** (TTY: **1-800-792-4292**).

### SWAHILI

Kumbuka: Ikiwa unazungumza Kiswahili, unaweza kupata, huduma za lugha, bila malipo. Piga simu **1-800-792-4884** (TTY: **1-800-792-4292**).

### TAGALOG

Paunawa: Kung nagsasalita ka ng Tagalog, maaari kang gumamit ng mga serbisyo ng tulong sa wika nang walang bayad. Tumawag sa **1-800-792-4884** (TTY: **1-800-792-4292**).

### TIẾNG VIỆT / VIETNAMESE

Chú Ý: Nếu bạn nói Tiếng Việt, có các dịch vụ hỗ trợ ngôn ngữ miễn phí dành cho bạn. Gọi số **1-800-792-4884** (TTY: **1-800-792-4292**).

Rowana K. Riggs
1953 N Kansas Ave.
Wichita, KS  67214
(918) 378-6621

## BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS
## STATE OF KANSAS APPEAL COMMITTEE

Rowana K. Riggs,

      Appellant,

   V.

                                      OAH No. 21FS0161 FS

Kansas Department for Children
And Families,

      Respondent.

### BRIEF OF ROWANA K. RIGGS

        Come now, I, Rowana K, Riggs, to submit her Brief to the State Appeals Committee
(SAC).

        The Administrative Law Judge (ALJ) Loren F. Snell, Jr.,  did not make a ruling on the
facts of the case.

"Fact of the Case"

1.       I, Rowana K. Riggs, hereby request that my case be stayed because  Blessyn S. Riggs,

Malachi Holloway and Kumari Clayton have been kidnapped, and forward this matter to the FBI

to be investigated.  So that the court can get the facts concerning the  grandchildren.  Whether

they were getting benefits and checks from Social Security and whether they were kidnapped.

And if so, by whom, because it would be fraud and a felony for kidnapping. Because I, Rowana

K. Riggs has not received any checks from Social Security for the children and DCF has stated

ExB

that I Rowana K Riggs should be receiving a check and benefits for the grandchildren in my care and control.

DCF has not objected to the aforementioned issues or facts but, Judge Loren F. Snell Jr. did not make a ruling or forward this matter of kidnapping to the FBI. Judge Snell Jr did state "the money should follow the children." See Exhibits 1-8 and Exhibit A.

2.     ALJ Loren F, Snell Jr did not make any ruling of whether my income should be counted, because the DCF Attorney said my income was over the limit for me and the grandchildren. The fact is I, Rowana K. Riggs, have not applied for Food Stamps for myself but, I did apply for Food Stamp benefits for my grandchildren only. Therefore the income of my grandchildren qualifies them for Food Stamps.

3.     I, Roana K. Riggs, hereby requests that the Appeals Committee send my case to the FBI for all of the above reasons. And to help me get my grandchildren, Blessyn S. Riggs, Malachi Holloway and Kumari Clayton returned to their home with me, their loving grandmother.

May God Bless This Court.

Sincerely yours,

Rowana K. Riggs
Appellant

NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

Julie D. Scott
7/20/21

Page 2

jdv

Brady A. Burdge. #25423
Assistant District Attorney
1900 E. Morris
Wichita, KS 67211
(316) 660-9700
JuvenileDivision@sedgwick.gov

D C 1 8

D C 1 8

FILED
DOCKET NO. LC

**CONFIDENTIAL**
**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, JUVENILE DEPARTMENT**
**WICHITA, SEDGWICK COUNTY, KANSAS**

2018. SEP - 7  A 8: 37

CLERK OF DIST. COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KS
BY

**IN THE INTEREST OF**

Name BLESSYN S. RIGGS                          Case No. 2018JC000438
Year of Birth 2008 A ☐ male ☒ female
Name MALACHI V. HOLLOWAY                        Case No. 2018JC000439
Year of Birth 2009 A ☒ male ☐ female
Name KUMARI * CLAYTON                           Case No. 2018JC000440
Year of Birth 2010 A ☒ male ☐ female

D C 1 8

**JOURNAL ENTRY AND ORDER OF TEMPORARY CUSTODY**
Pursuant to K.S.A. 38-2243 and 42 U.S.C. § 671 *et seq.*

On this 5th day of September, 2018, this matter comes before the Court, Judge Walters presiding.

The Court finds the Indian Child Welfare Act (ICWA) ☐ is applicable ☐ is not applicable ☒ applicability is undetermined. Petitioner ☒ need not give ☐ has given ☐ shall give notice to the Tribe and the Court has jurisdiction to proceed for the hearing.

The Court finds that jurisdiction and venue are proper. Notice to parties, interested parties and those required to receive notice has been given as required by law.

Appearances are as follows:

☐ subject children, BLESSYN S. RIGGS, MALACHI V. HOLLOWAY, AND KUMARI * CLAYTON;

☒ Joel Hesse _____, as guardian ad litem; ☐ whom the court appoints as GAL;

☐ Sandra L. Lessor ☐ Amanda M. Marino ☐ Kristi D. Allen ☐ Tricia M. Knoll ☐ Mark A. Jordan
☒ Brady A. Burdge ☐ _____ assistant district attorney;

☒ Toni Riggs _____ ☐ pro se ☒ with Linda Priest ;
(mother)                ☐ only through ☒ appointed ☐ retained counsel

☐ Maurice Wavers _____ ☐ pro se ☐ with Mike Lazzo ;
(father/alleged father-1)  ☒ only through ☒ appointed ☐ retained counsel

☐ Nathan Holloway _____ ☐ pro se ☐ with Grant Brazil ;
(father/alleged father-2)  ☒ only through ☒ appointed ☐ retained counsel

☐ Nate Clayton _____ ☐ pro se ☐ with Blake Cooper for ;
(father/alleged father-3)  ☒ only through ☒ appointed ☐ retained counsel   Shannon Cooper For.

Form modified by JDP 11/17/17

ExC - Page 1

PAGE 2
JOURNAL ENTRY AND ORDER OF TEMPORARY CUSTODY
BLESSYN S. RIGGS                      2018JC000338
MALACHI V. HOLLOWAY                   2018JC000339
KUMARI · CLAYTON                      2018JC000340

☒ Michelle Smithson, Karina Brant, Meredith Clevel-Cardoza

☒ Courtney Mangana, Shelby Ponder                                    ;

☐ _____ ;

_____
DCF designee(s)

☒ Deb Cochran                    ;☒ Scott Montoya          ;
_____                                 _____
DCF worker(s)                         Court Services Officer

☒ A record of the hearing is taken by electronic reporting. ☐ _____ C.S.R.
☐ This matter is hereby journalized by the parties.

    **WHEREUPON**, the ☐ mother, ☐ father(s), ☐ _____, voluntarily elect(s) to proceed without counsel after being fully advised in the premises.

    **WHEREUPON**, the ☒ mother, ☐ father(s), ☐ _____, is/are informed by the court of their right to an evidentiary hearing on the issue of temporary custody and said parties who are present understand their right to a hearing and freely and voluntarily waive their right to the hearing.

    **THEREUPON**, the court is advised that all interested parties who are present or represented have agreed and are recommending that the children be placed in the temporary custody of the Secretary of Department for Children and Families (DCF). Having received the agreed recommendation and statements of the attorneys and being fully advised in the premises, **THE COURT FINDS THAT:**

1.     notice of this hearing has been given to all interested parties who are at this time known to the petitioner or the court and who, with reasonable effort, could be notified;

2.     There is probable cause to believe that:
    ☒ the health or welfare of said children may be endangered without further care;
    ☐ said children are dangerous to themselves or to others;
    ☐ said children are not likely to be available within the jurisdiction of this court for future proceedings;

3.     ☒ it is in the best interest of said children to remain in the temporary custody of DCF;
    ☒ in an out-of-home placement;

4.     the Indian Child Welfare Act (ICWA):

    Mother
    ☒ does not apply per her statements today; ☐ does not apply per case number _____ ;
    ☐ at this time, there is no reason to believe that ICWA applies based on: _____
    _____ ;

    ☐ the State will send notice based on the information provided by Mother; ☐ Genogram distributed to allow Mother to provide additional information. ☐ The genogram ☐ was ☐ was not returned.

Form modified by JDP 11/17/17

Page 2

PAGE 3
JOURNAL ENTRY AND ORDER OF TEMPORARY CUSTODY
BLESSYN S. RIGGS                    2018JC000338
MALACHI V. HOLLOWAY                 2018JC000339
KUMARI • CLAYTON                    2018JC000340

Father (1)
☐does not apply per his statements today; ☐does not apply per case number _____ ;
☐at this time, there is no reason to believe that ICWA applies based on: _____
_____ ;
☐the State will send notice based on the information provided by Father; ☐Genogram distributed to allow Father to provide additional information. ☐The genogram ☐was ☐was not returned.

Father (2)
☐does not apply per his statements today; ☐does not apply per case number _____ ;
☐at this time, there is no reason to believe that ICWA applies based on: _____
_____ ;
☐the State will send notice based on the information provided by Father; ☐Genogram distributed to allow Father to provide additional information. ☐The genogram ☐was ☐was not returned.

Father (3)
☒does not apply per his statements today; ☐does not apply per case number _____ ;
☐at this time, there is no reason to believe that ICWA applies based on: _____
_____ ;
☐the State will send notice based on the information provided by Father; ☐Genogram distributed to allow Father to provide additional information. ☐The genogram ☐was ☐was not returned.

5.   pursuant to K.S.A. 38-2203, the Juvenile Department of the District Court has original jurisdiction of the parties and the subject matter of these proceedings;

6.   pursuant to K.S.A. 38-2204, venue is properly had in Sedgwick County, Kansas;

7.   said children are less than eighteen (18) years of age;

8.   ☒mother ☐father(s) ☐_____ have been provided with the court pamphlet/calendar advising parents of their rights;

9.   each parent who is present in court today has been served a copy of the petition in this case;

10.  ☒ the CSO has served Rawhnn Riggs _____ with a copy of the child in need of care petition;

11.  ☐ the CSO has served _____ with a copy of the child in need of care petition;

12.  ☐ the DCF social worker/DCF designee has given oral notice to _____ who does not appear and therefore is in default;

13.  ☐ the DCF social worker/DCF designee has given oral notice to _____ who does not appear and therefore is in default;

14.  ☒ Maurice Wawaru _____ whereabouts are unknown. Social worker/DCF designee will continue to try to locate him/her.
     ☒ Maurice Wawaru _____ does not appear today and is in default;

Form modified by JDP 11/17/17

Page 3

PAGE 4
JOURNAL ENTRY AND ORDER OF TEMPORARY CUSTODY
BLESSYN S. RIGGS                    2018JC000338
MALACHI V. HOLLOWAY                 2018JC000339
KUMARI • CLAYTON                    2018JC000340

15. ☑ *Nathan Holloway + Nate Clayton* whereabouts are unknown. Social worker/DCF designee will continue to try to locate him/her.
    ☒ *Nathan Holloway + Nate Clayton* does not appear today and is in default;

16. ☐ _____ is incarcerated and unable to parent.
    ☐ _____ does not appear today and is in default.

17. ☐ _____ ☐ _____ requested an evidentiary temporary custody hearing. A supplemental temporary custody journal entry will be completed outlining the trial issues;

18. ☒ nobody appears today claiming to be the father of *Kumari Clayton* .
    Any known or unknown father(s) is/are in default for today's hearing;

19. ☒ said children are 15 years of age or younger;

20. ☐ said children are 16 or 17 years of age and has/have no identifiable parental or family resources and/or shows signs of physical, mental, emotional or sexual abuse;

21. ☐ _____ admits in open court that he is he biological father of _____; Mother admits in open court that _____ is the biological father of _____ and there are no other possible fathers. The court so finds;

22. ☐ _____ admits in open court that he is he biological father of _____; Mother admits in open court that _____ is the biological father of _____ and there are no other possible fathers. The court so finds;

23. ☐ _____
    _____;

24. ☐ _____
    _____;

THE COURT FURTHER FINDS there is probable cause to believe that the allegations in the application for custody are true and:

Appropriate public or private agencies have made reasonable efforts but have failed to maintain the family and prevent the removal of the children from the children's home or reasonable efforts are not required to maintain the children in the home because an emergency exists which threatens the safety of the children as follows: See attached verified application of Deborah Cochran, LBSW, DCF social worker.

**AND**

The children are likely to sustain harm if not immediately removed from the home; remaining in the home or returning to the home would be contrary to the welfare of the children; and/or, immediate placement is in the best interest of the children. See attached verified application of Deborah Cochran, LBSW, DCF social worker.

Form modified by JDP 11/17/17

Page 4

PAGE 5
JOURNAL ENTRY AND ORDER OF TEMPORARY CUSTODY
BLESSYN S. RIGGS                    2018JC000338
MALACHI V. HOLLOWAY                 2018JC000339
KUMARI • CLAYTON                    2018JC000340

### THE COURT FURTHER FINDS:

_____
_____
_____
_____
_____
_____

☐  A grandparent has requested custody and, in evaluating what custody, visitation and residency arrangements are in the best interests of the children, substantial consideration is given to (1) the wishes of the parents, children, and grandparent; (2) the extent that the grandparent has cared for the children; the intent and circumstances under which the children are placed; and (3) the physical and mental health of all involved individuals.

THE COURT THEREFORE ORDERS that the above named children **shall be** placed in the temporary custody of:

☐  _____, a parent.
☐  _____, a relative.
☐  _____, an unlicensed person with close emotional ties to the children.
☐  _____, a youth residential facility.
☐  _____, a shelter facility.
☒  The Secretary, if the children are 15 years of age or younger, or 16 or 17 years of age if the children have no identifiable parental or family resources or shows signs of physical, mental, emotional or sexual abuse.

**AND**

☐  A child support order shall issue.
☒  Each parent shall submit information to the child support office for a child support order to be prepared, or present documentation of a current child support order within 7 days.

THE COURT ORDERS all providers of services including educational services, treatment, education or care of the children and family, even if not specifically referred to herein, to provide information including any and all educational records to the secretary, any entity providing services to the children and family, counsel for the parties including the county or district attorney, appointed CASA, Citizen Review Board members, the court, and each other to the extent needed to ensure the safety of the children, prevent further abuse or neglect, and to provide appropriate treatment, care and services to the children and family.  This order encompasses and complies with the provisions of the Family Education Rights and Privacy Act (20 U.S.C. 1232g; 34 C.F.R. 99 and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. 164.512(e)(1).

### IT IS BY THE COURT ORDERED THAT:

1.  ☒ said children shall remain in the temporary custody of  DCF ☒ out-of-home placement;

2.  all parties are prohibited from removing said children from the court's jurisdiction without the court's written permission;

Form modified by JDP 11/17/17

Page 5

PAGE6
JOURNAL ENTRY AND ORDER OF TEMPORARY CUSTODY
BLESSYN S. RIGGS                          2018JC000338
MALACHI V. HOLLOWAY                        2018JC000339
KUMARI * CLAYTON                           2018JC000340

3.   DCF/DCF designee shall order/obtain said children's birth certificates within 10 days;

4.   ☐ said children ☐_____ shall not willfully or voluntarily be absent from any designated placement without prior authorization from DCF/DCF designee, their contracted service provider or the court.  A copy of the written no run order has been given to said children and their GAL;

5.   ☐ mother, ☐_____, ☐_____ shall participate in paternity testing by allowing the drawing of blood or collection of saliva and arrange for the results of said test to be submitted to the court.  If mother fails to appear for the scheduled testing date, but the child and alleged father(s) have been tested, the testing shall be completed without mother's sample.
     ☐ The court has heard statements of counsel and parties and has determined it is in the best interest of the child to complete paternity testing, pursuant to *In re Marriage of Ross*, 245 Kan 591, 783 P.2d 331, and subsequent cases following *Ross*;

6.   ☐ mother, ☐_____, ☐_____ shall participate in paternity testing by allowing the drawing of blood or collection of saliva and arrange for the results of said test to be submitted to the court.  If mother fails to appear for the scheduled testing date, but the child and alleged father(s) have been tested, the testing shall be completed without mother's sample.
     ☐ The court has heard statements of counsel and parties and has determined it is in the best interest of the child to complete paternity testing, pursuant to *In re Marriage of Ross*, 245 Kan 591, 783 P.2d 331, and subsequent cases following *Ross*;

7.   ☒ mother, ☐_____, ☐_____, shall pay $25 per month in child support. Each parent's attorney shall prepare a child support worksheet and order consistent with the court's ruling today;

8.   DCF/DCF designee shall prepare a case plan and submit to the court within 30 days;

9.   ☒ DCF/SFCS shall have discretion to place with a parent  ☒ with 10 days notice to all parties; ☐ if any party objects, there shall be an evidentiary hearing prior to placement;
     ☐ said children shall not return to a parental home without prior written court approval; DCF/SFCS shall have no discretion to place with a parent;

10.  ☒ DCF/SFCS shall have discretion over visitation  ☐ including overnights and multiple overnights in preparation for reintegration  ☐ with 10 days notice prior to any change in visitation status  ☐ if any party objects, there shall be an evidentiary hearing prior to change in visitation status;
     ☐ all visitation shall be supervised;

11.  ☒ Mother ☐ Father(s) _____ ☐ Child _____ shall submit to a urinalysis today. ☒ The court waives costs;

12.  ☐ DCF/DCF designee shall assess whether an application for SSI is appropriate at this time as to_____ and report to the court within 30 days whether or not an application has or will be submitted;

PAGE 7
JOURNAL ENTRY AND ORDER OF TEMPORARY CUSTODY
BLESSYN S. RIGGS                2018JC000338
MALACHI V. HOLLOWAY           2018JC000339
KUMARI * CLAYTON             2018JC000340

13.  the court adopts as its orders the State's Proposed and Requested Orders as to ☒said children ☐Mother
☐Father(s) ☐_____
_____

14.  ☐ the parties, and/or relatives and friends of the parties, shall not discuss this case with or around said
children ☐except in a therapeutic setting;

15.  ☐ the parties, and/or relatives and friends of the parties, shall not disseminate any information, pertaining to
this case, through any form of social media and/or any other public forum;

16.  _____
_____

17.  _____
_____

18.  _____
_____

THE COURT FURTHER ORDERS:
_____
_____

☐  A restraining order shall be prepared by _____, filed, and served upon
_____

☐  **The Secretary** ☐ **Court Services** ☐_____ shall complete
reports and submit them to the Court by _____.

THE COURT FURTHER ORDERS this matter is set for adjudication and disposition on
_October 26_, _2018_, at _8:30_ _A_.m. and all parties present are ordered to return without
further notice. Additionally, all grandparents who are present at today's hearing were given notice of the next court
hearing.

IT IS SO ORDERED THIS ___5ᵗʰ___ day of ___Sept.___, 20_18_

_____
Judge of the District Court

☒  The court provided the parents, grandparents and/or interested parties, who were present at this hearing and
who had not previously received them, with informational materials pertaining to their respective rights and
responsibilities in connection with the proceedings.

Form modified by JDP 11/17/17

Page 7

PAGE 8
JOURNAL ENTRY AND ORDER OF TEMPORARY CUSTODY
BLESSYN S. RIGGS                    2018JC000338
MALACHI V. HOLLOWAY                 2018JC000339
KUMARI • CLAYTON                    2018JC000340

## REPORT OF SERVICE

I certify that a copy of this journal entry was handed to the following parties:

__ MOTHER          __ ATTORNEY
__ FATHER(1)       __ ATTORNEY          __ THERAPIST
__ FATHER(2)       __ ATTORNEY
__ I.P.            __ ATTORNEY
__ G.A.L.                              __ PROBATION
__ D.A.
__ DCF WORKER                          __ OTHER
__ CSO
__ DCCCA
__ EMBERHOPE/SFCS

                   by: _____    DATE: _____
                       (Signature and title)

**NOTICE TO CLERK:**
**SEND COPY OF JOURNAL ENTRY TO:**

__ MOTHER          __ ATTORNEY       __ THERAPIST
__ FATHER(1)       __ ATTORNEY
__ FATHER(2)       __ ATTORNEY
__ I.P.            __ ATTORNEY        __ PROBATION
__ G.A.L.
__ D.A.                              __ OTHER
__ CSO
__ DCCCA
__ EMBERHOPE/SFCS
__ DCF WORKER

Page 8

ELECTRONICALLY FILED
2018 Aug 30 AM 11:01
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-JC-000438-JB



CONFIDENTIAL
IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, JUVENILE DEPARTMENT
WICHITA, SEDGWICK COUNTY, KANSAS

IN THE INTEREST OF

| | |
|---|---|
| Blessyn S. Riggs_____ | Case No._____ |
| 2008 A female | |
| Malachi V. Holloway _____ _ __ ____ | Case No._____ |
| 2009 A male | |
| Kumari * Clayton_____ _ | Case No. _____ |
| 2010 A male | |

## KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES
### WICHITA REGIONAL OFFICE
### APPLICATION FOR CHILD IN NEED OF CARE PETITION

I, Deborah Cochran, **LBSW**, Kansas Department for Children and Families, on this ___ day of _____, 201_, do hereby request that a child in need of care petition be commenced pursuant to K.S.A. 38-2201 et seq. due to the following reasons:

It is contrary to the welfare of the child/children to continue residing in the parental home. It is in the child/children's best interest to be immediately placed outside the parental home. The child/children is/are likely to sustain harm if not removed from the home as set forth and alleged in the following sections.

☒ Reasonable efforts were made to maintain the family unit and prevent the transfer of custody and prevent the unnecessary removal of the child/children as set forth and alleged in the following sections.

☒ No additional reasonable efforts were required to be provided to the family prior to the child/children's removal because an emergency exists which threatens the safety of the child/children, and the child/children is/are at risk as set forth and alleged in the following sections.

1. TYPE OF RELIEF REQUESTED:

☒ DCF is requesting an ex-parte order of PROTECTIVE CUSTODY.

☒ DCF is requesting a CINC petition of the child/children. Based on the information contained in this affidavit,

2. CHILD/CHILDREN INVOLVED: Please list the children, beginning with the oldest, then descending order.
**Ethnicity/Race Codes:** "W" for white/Caucasian   "B" for black/African American   "H" for Mexican/Hispanic
                        "A" for Asian            "I" for Native American          "U" for unknown

*Ex D - Page 1*

| Child's Full Name With Middle Initial (* if unknown)  From eldest to youngest | | | Address where typically resides Street City/State/Zip | Gender M or F | Age | Race |
|---|---|---|---|---|---|---|
| A.  Blessyn S. Riggs | | | 1527 N. Chautauqua Ave. Wichita, KS 67214 | F | 10 | B |
| B.  Malachi V. Holloway | | | 1527 N. Chautauqua Ave. Wichita, KS 67214 | M | 9 | B |
| C.  Kumari * Clayton | | | 1527 N. Chautauqua Ave. Wichita, KS 67214 | M | 8 | B |

### 3a. RELATIVES/DCF DUE DILIGENCE EFFORTS: Complete all known information -check all DCF resources

Ethnicity/Race Codes:  "W" for white/Caucasian   "B" for black/African American   "H" for Mexican/Hispanic   "A" for Asian         "I" for Native American       "U" for unknown

**Maternal Relatives:**

| Full Name Including Middle Initial (* if unknown) | Address – Street City/State/Zip | | | Race | Area Code and Telephone # |
|---|---|---|---|---|---|
| Mother: Toni T. Riggs | 1527 N. Chautauqua Ave. Wichita, KS 67214 | | | B | (316) 491-3017 |
| Maternal Grandmother: Rowana * Riggs | 1953 N. Kansas Ave. Wichita, KS 67214 | | | B | (918) 378-6621 |
| Maternal Grandfather: Unknown | Unknown | | | U | Unknown |
| Fully describe efforts to identify and locate Mother & Maternal Grandparents. | Met with mother on 8-23-18 at her home. Met with maternal grandmother, Rowana Riggs on 8-8-18. | | | | |

*NOTE: Attach documentation*

| Paternal Relatives as to child/children named: | | Blessyn S. Riggs | | | |
|---|---|---|---|---|---|
| Full Name Including Middle Initial (* if unknown) | Address – Street City/State/Zip | | | Race | Area Code and Telephone # |
| Father /Alleged Father: Maurice Waweru | Last Known: (12-21-2017) 9400 E. Lincoln St. Apt 723 Wichita, KS 67207 | | | B | Unknown |
| Paternal Grandmother: Unknown | Unknown | | | U | Unknown |
| Paternal Grandfather: Unknown | Unknown | | | U | Unknown |
| Fully describe efforts to identify and locate FA/AFA & Paternal Grandparents. | | | | | |

Page 2

*NOTE: Attach documentation*

| Paternal Relatives as to child/children named: | Malachi V. Holloway | | | | |
|---|---|---|---|---|---|
| **Full Name Including Middle Initial (* if unknown)** | **Address – Street City/State/Zip** | | | **Race** | **Area Code and Telephone #** |
| Father /Alleged Father: Nathan T. Holloway | Last Known: (4-9-2018) 1355 Worley Rd. Unit F Suisun City, CA 94585 | | | B | Unknown |
| Paternal Grandmother: Unknown | Unknown | | | U | Unknown |
| Paternal Grandfather: Unknown | Unknown | | | U | Unknown |
| Fully describe efforts to identify and locate FA/AFA & Paternal Grandparents. | | | | | |

*NOTE: Attach documentation*

| Paternal Relatives as to child/children named: | Kumari Clayton | | | | |
|---|---|---|---|---|---|
| **Full Name Including Middle Initial (* if unknown)** | **Address – Street City/State/Zip** | | | **Race** | **Area Code and Telephone #** |
| Father /Alleged Father: Nate * Clayton | Unknown | | | U | Unknown |
| Paternal Grandmother: Unknown | Unknown | | | U | Unknown |
| Paternal Grandfather: Unknown | Unknown | | | U | Unknown |
| Fully describe efforts to identify and locate FA/AFA & Paternal Grandparents. | | | | | |

*NOTE: Attach documentation*

Guardian / Legal Custodian:

| **Full Name Including Middle Initial (* if unknown)** | **Address - Street City/State/Zip** | | | **Race** | **Area Code and Telephone #** |
|---|---|---|---|---|---|
| Guardian / Custodian: | | | | | |
| Co-Guardian, if any: | | | | | |
| Fully describe efforts to identify and locate. | | | | | |

*NOTE: Attach documentation*

Page 3

**Other Relatives / Next of kin / Potential Placement**

| Full Name With Middle Initial Relationship to Child/Children | Address - Street City/State/Zip | | | Race | Area Code and Telephone # |
|---|---|---|---|---|---|
| Title: Name: | | | | | |
| Title: Name: | | | | | |
| Title: Name: | | | | | |
| Title: Name: | | | | | |

**3b. DCF RESOURCES & DATABASES / DUE DILIGENCE EFFORTS TO IDENTIFY AND LOCATE FATHERS, ALLEGED FATHERS, GRANDPARENTS, ALLEGED GRANDPARENTS AND NEXT OF KIN:**

| | RESOURCE/DATABASE | Date Checked | Persons Searched | Outcome: | Employee Conducting Search |
|---|---|---|---|---|---|
| x x | FACTS | | | | |
| x | KIDS | | | | |
| x | Food Stamps (Vision/SNAP) | | | | |
| x | Medical Card (IM/EPS) | | | | |
| ☐ | Cash Assistance (TANF) | | | | |
| ☐ | Kansas Driver's License | | | | |
| ☐ | BeenVerified.com | | | | |
| ☐ | CLEAR | | | | |
| ☐ | Other State -Jurisdiction | | | | |
| ☐ | Other | | | | |

*NOTE: Attach documentation*

**4. With whom does/do the child/children typically reside:**
Toni Riggs at 1527 N. Chautauqua, Wichita, KS 67211

**5a.** ☐ **Child/Children is/are in police protective custody**

| Date & time | Officer Name | Badge Number | Case Number |
|---|---|---|---|
| | | | |

**5b. Nature of Police Protective Custody:**

**5c. If not in Police Protective Custody, Nature of Current Concerns / Case Synopsis:**

Page 4

Blessyn S. Riggs (F / b. 2008), Malachi V. Holloway (M / b. 2009), and Kumari Clayton (M / b. 2010) are currently not in Police Protective Custody (PPC). Said children reside with Mother, Toni Riggs in Wichita, Kansas. Also residing in the home is Mother's boyfriend, Robin C. Sanford. Blessyn's Father, Maurice K.G. Waweru and Malachi's Father, Nathan T. Holloway's whereabouts are currently unknown. Kumari's Father is reported to be Nate * Clayton, but no additional information, including his whereabouts are currently known. Mother has a history of domestic violence concerns and substance use. Mr. Waweru and Mr. Holloway have not been involved.

On 08/14/2018, DCF Child Protective Specialist (CPS) Deb Cochran, LBSW referred the family to St. Francis Community Services – Family Preservation (SFCS-FP) to address inappropriate discipline of the children by Mr. Sanford, domestic violence concerns between Mother and Mr. Sanford where the children have intervened, and illegal substance use. At present Mother and Mr. Sanford continue to engage in altercation for which law enforcement have been called to the home. Mother and Mr. Sanford have tested positive for cocaine through a hair follicle drug test. On 08/28/2018, DCF held a supervisory staffing for the purpose of discussing this case. In addition to these concerns there were concerns for Mother denying any use of illegal substances, and being unwilling to participate in a drug and alcohol assessment. The recommendation from the staffing were to request that Said children be placed in DCF custody as children in need of care (CINC). Removal is necessary and appropriate at this time.

Mother filed a protection from abuse (PFA) petition against Mr. Waweru (07DM5514-PF). The case was later dismissed after Mother failed to appear. Mother filed a protection from stalking (PFS) petition against Mr. Waweru (10DM95- PS). This case was later dismissed after neither party appeared. Mother filed a PFA petition against Mr. Holloway (13DM488-PF). This PFA remained in effect until March of 2017. Mother has traffic violations for which her driver's license has been suspended (13TR1545). Mother has pending traffic offenses (16TR1952) for operate vehicle without liability insurance, driving under the influence of drugs/alcohol; 1st conv; blood/breath .08 or >, unsafe turning on right side of roadway, and improper driving on landed roadway. Mr. Holloway has criminal history for possession of cocaine and Taxation; drugs (08CR1460), domestic battery; 3rd conviction (09CR2580), and Domestic Battery (12CR3202). Mr. Holloway has failed to pay fines in the amount of $8,808.33. Mr. Waweru has criminal history for municipal court appeal (08CR3906). Mr. Sanford has criminal history out of Shawnee County, Kansas for murder; 1st degree, and aggravated robbery (84CR145). Mr. Sanford has criminal history out of Sedgwick county, KS for burglary (05CR1812). Mr. Sanford has a history of traffic violations and his driver's license has been suspended.

6a. ☐ Child/Children is/are currently hospitalized.

| Date & Time Admitted | Facility / Hospital and Address | Reason Admitted |
|---|---|---|
| | | |

6b. x A staffing was conducted to discuss this case.

| Date: | 8-28-2018 | Type (CPT, CARE, RED, MDT, ISD, Supervisor Consult, etc.): | RED |
|---|---|---|---|



Page 5

| Participants Names / Titles: | Ashley Ingram DCF supervisor, Shelby Ponder Family Preservation therapist, Kayla Lawrence DCF worker, Rachel Sain Acting Program Administrator, Deborah Cochran DCF worker |
| --- | --- |
| Concerns/Issues Discussed: | Boyfriend's criminal history of murder, mom's untreated bipolar condition, both adults cocaine usage, past PHA reports with children being harmed but no substantiation, mother's 10 year history of drug usage, babies being born positive, poor boundaries for the children, boyfriend intimidating the children and blaming them for DCF intervention, children being afraid of boyfriend |
| Outcome/Recommendations: | Staff with DA's office |

*NOTE: Attach documentation including physician consult notes, if available*

7. Social Worker interviews (Date of interviews, who was interviewed, facts obtained in interview in regards to current abuse/neglect concerns / Include information gathered from each individual as to Father/Alleged Father/Unknown Father, Grandparent information and ICWA).

**A. Mother's Statements:**

On 8-14-2018 at 10:40AM, at the DCF office, this worker introduced myself, gave the PPS 2010, explained their rights and the concerns of the reports. Toni immediately stated she had to stand up to her mom using her arms positioned in a fighting pose. This worker advised I could not give the name of the reporter. They both stated they were being harassed by Toni's mother. Robin denied using or selling drugs, bathing or washing Blessyn's hair, showing porno or nude pictures to the boys, or physically or verbally fighting with Toni. He stated he did his time for murder but as never had charges of sexual abuse. Toni acknowledged being diagnosed in the past with bipolar but she handles it and it is not a problem. She stated she was diagnosed with this when she was a teenager. She denied using drugs. She stated this is all because of her mother and it is her mother's fault as Rowana won't care for her children when she needs her to. I advised it is not legally or morally a grand parent's responsibility to care for their grandchildren. She stated she and Robin work for Janey King(her cousin) a cleaning company. They will work shifts of 1.5 -4 hours at a time and sometimes do this up to 3 times a day. She saw no problem with Robin watching the children. Robin denied hitting the boys and when directly asked about possible sexualized grooming of Blessyn he denied. He stated the boys don't like him because they want to ride their bikes all the time and not do their chores. He will go in the bathroom when they are horsing around instead of bathing and tell them to clean themselves and stop messing around. Toni stated she has known Robin since 2012 and he is her boyfriend and they may get married. I advised her it is her 100% responsibility to keep her children safe and provide for them. She continued to blame her mother. She had very poor communication skills. This worker showed Toni a safety plan with included them both getting a hair follicle test and following recommendations, her getting a mental evaluation for possible medications, Robin not being alone with the children, and her participating in Family Preservation Services. She and Toni were initially very opposed to this but later decided it was a good plan. This worker read the plan a second time to them and Toni signed. This worker advised Toni needs to determine who is a part of her family unit like every parent and she does need to consider peoples past history. This worker gave both adult the Kelly Compliance cards with address and phone number to go complete their hair follicle tests.

On 8-23-18 at 4:45PM at 1527 N. Chautauqua for a scheduled Family Preservation Meeting. While this worker was waiting in her car, Toni came to the car. This worker advised Toni that she needs to determine who is in her household and who participates with Family Preservation. Toni stated she doesn't want Robin as her household but he wants to participate in the meeting.

A meeting was held with this worker, Shelby Ponder, therapist; Courtney Maugans, support worker; Toni Riggs,

Robin Sanford, and all three children present. Robin stood in the living room/kitchen door way. He started speaking in a very loud intimidating voice stating all the children needed to listen as they had caused all of this. He stated they know I murdered someone and had been in prison for 30 years. This worker intervened stating this was inappropriate to discuss this in front of the children. He continued to state they had caused this and they were going to hear all of it. This worker again stated this was conversation for adults and not children, and the children had not caused this intervention. Robin continued and then Toni started screaming at Robin. She then stated she would do anything to keep her kids and God loved them and she was going to follow God's word. The meeting continued. Robin told Blessyn to put the book down. She was sitting on the floor. Robin went directly to Blessyn grabbed the book from her and slammed it on the end table and told her in a loud voice, you listen. Blessyn's body tightened up and she said nothing. The meeting ended and Shelby scheduled future meeting times. On 8-29-18 at 11:00Am, this worker went to 1527 N. Chautauqua. Family Preservation worker, Shelby Ponder arrived. She called Toni. Toni advised her she was at a doctor's appointment for Blessyn and was coming back home. At 11:25AM, Toni and Blessyn where driven home by Robin Sanford. He let them out of the car and left.

This worker phone 911 and requested officer assistance. At 11:41Am, Officer Mallory and Officer Bachman arrived and followed me into the home. Toni became upset stating we couldn't take her children. This worker advised her we needed to talk and Blessyn needed to go to her room as this was an adult conversation. This worker advised Toni's drug test came back positive for high cocaine usage. Toni denied using cocaine and continued to say we couldn't take her children. This worker asked Toni if she had used cocaine in the last 100 days. She continues to deny using cocaine. This worker stated we did not have an order to pick up the children but cocaine usage puts Toni and the children at higher risks. This worker recommended that Robin not be allowed around the children or to transport the children as he also was positive for cocaine. This worker explained any adult using cocaine puts themselves at risk for injury or death and compromises their ability to function, especially as a parent. Toni continued to be upset. This worker advised Toni only her actions and choices would determine if her children would be taken away. Officer Mallory stated to Toni, you need to stop using coke so your children won't be taken away. This worker left.

### A. Father's Statements:

On 8-29-18 at 4:30PM, this worker attempted to phone father, Maurice Waweru at 316-204-1399. Left a message requesting her return my call regarding his child. This worker phoned 316-942-7157. This phone number is disconnected. Received a call back from a lady who stated phone number 316-204-1399 is her number and she does not know a Maurice.

On 8-29-18 this worker attempted to contact Maurice Waweru at 9400 E. Lincoln Apt. 723 Wichita, KS. This worker knocked on the door and a woman answered the door. She stated no Maurice lives there and she does not know a Maurice.

No telephone information is available for Mr. Holloway.

No information could be found for Nate * Clayton.

### B. Child/Children Statements:

On 8-8-2018 at 3:30PM, this worker went to Rowana Rigg's home at 1953 N. Kansas. DCF Worker met with Rowana. She stated Toni has been with Robin for about 4 years. She stated Robin is trying to move back in with her. He had lived with her before and she kicked him out when he pushed her into a table. He will sometimes spend the night there.

This worker interviewed Malachi age 9, Kumari age 8, and Blessyn age 10 together in the living room. They stated

Robin stays the night at their home up to 5 times a week. They stated Toni and Robin argue every day, yelling at one another. They stated Robin will curse at their mother. Blessyn stated Robin did wash her hair in the kitchen sink a few months ago. The boys stated Robin buys Blessyn electronics but not them. Robin slaps them on the side of the head and punches them in their chests with a fist. He calls them stupid and dumb like their mother. The boys stated he showed them naked women balling each other and women getting raped. None of the children have seen their mom or Robin using drugs or having white powder. I asked the children on a scale of 1-10 how do they feel about Robin. Blessyn stated a "negative 1000", Malachi stated "4", and Kumari stated "0". They like Robin's son that comes over as he is a nice guy and fun. They are sometimes left alone after they go to bed until the next morning and Robin and their mom will go up the street. Robin will also stay with them when mom is gone. They do not trust Robin and are afraid of him.

I observed all the children to be clean, in appropriate clothing, healthy, and appeared safe. I advised Blessyn that no males should help her with bathing or washing her hair, only her mom, Aunts, grandma or a girlfriend.

Rowana stated Robin is bumming Cheryl Adamson (918-210-6891) her sister for a place to stay and trying to stay with Toni again.

C. **Statements from non-parent perpetrator:**

D. **Statements of Doctor or other medical professionals:**

E. **Statement of school employees (teachers, social workers, etc.):**

F. **Statements of relative(s):**

On 8-7-18 at 4:48PM, this worker phoned Rowana Riggs, maternal grandmother. She stated she is the maternal grandmother of the children. She stated her daughter always has no good men in her life. She knows Robin sells Crack and has seen him sell crack and give it to Toni. He will leave the crack with a friend so he can't get caught. His grandson told her about this. Her grandson told her about Robin showing the boys naked pictures of women and porn on his phone in the last 2-3 weeks. She stated Toni has had 5 different diagnosis of mental health and is not taking any medications. Toni has used Crack in the past and had been able to get off of it. She has only been living at the Chautauqua address for 2-3 months as she got kicked out of her apartment. Toni has lost her license to drive but Robin allows her to drive his crème colored 4 door Buick. She has had the grand children for the last 2-3 weeks. Rowana lives in Tulsa but has a home here, 1953 N. Kansas, and is remodeling it so she can care for the grandchildren. Appointment scheduled to meet the children at her home on 8-8-18 at 3:30PM.

G. **Statements of mental health professionals:**

H. **Statements of DCF contract provider (indicate Family Preservation or Foster Care):**

I. **Statements of law enforcement:**

On 8-7-2018 at 2:11PM, this worker spoke with Josee Olson (316-613-7556) worker over parole of Robin Sanford. She stated he is on life time parole but no restrictions for being around children. On 8-27-18, this worker spoke with Josee Olson. I advised her of my concerns of Robin being intimidating towards the children and blaming them for the DCF intervention. I advised her I received the results of the hair follicle tests and she would need to get a release of information or run the tests herself. She stated she could place a no contact order for Robin towards the family. This worker voiced concern that this could cause a stressor that could cause Robin to act against the children. I advised her I was going to ask for a staffing and could

she hold off until I knew that result. On 8-28-18 at 9:29AM, Josee Olson left a voice mail message. She staffed Robin's case with her office. He had been in a domestic violence assault against Toni in 2017 and never completed his DV required program. She was going to have him come in tomorrow and have him complete the program which will required he have no contact with the family.

J.   Relevant statements of others (ie. extended family, friends, neighbors, coworkers, clergy, landlords, etc.):

8. Medical or Laboratory testing.

| Type of Test | Date | Results |
|---|---|---|
| Hair Folicle test for Toni Riggs | 8-15-18 | Positive for cocaine 74760 pg/mg |
| Hair follicle test for Robin Sanford | 8-15-18 | Positive for cocaine 17789 pg/mg |

9.   A.  DCF Reasonable Efforts

| | | Worker | | | |
|---|---|---|---|---|---|
| x | Family Preservation | Shelby Ponder | ☐ Successful | X Unsuccessful | Dates of Service:   8-15-18 to now |
| x | Family Preservation Services | | xSuccessful | ☐Unsuccessful | Dates of Service: 2008 |
| ☐ | Other (EES, CSE, etc.) | | ☐Successful | ☐Unsuccessful | Dates of Service: |

Explanation: Describe the services provided by DCF or family preservation and why or why not the case was successful.

Mother and boyfriend stated they were not using drugs and their hair follicle came back positive for cocaine. Boyfriend, Robin Sanford being intimidating towards the children and blaming them for DCF intervention at first family meeting. Mother and boyfriend taking no responsibility for their actions.

B.  Community Reasonable Efforts

| | | Specific Agency: | Type of Services: | Duration of Services: |
|---|---|---|---|---|
| x | Mental Health Services | Com Care | No service currently | 2008 |
| ☐ | Case Management | | | |
| ☐ | Court Services | | | |
| x | Other Community Resources | DCCCA services<br>WRC | Family preservation<br>Drug treatment | 2008<br>2008 |
| ☐ | Child or children in the home receive/s SSI or SSA | | Which child/children: | |

10.   Prior DCF history: (from past to present)

| Date of Intake | Allegation types and list which child/children and identify ALP | Finding and Date | Services Offered Y or N | Outcome (Referral, services, closure date, etc.) |
|---|---|---|---|---|
| 8-7-18 | EMA of Blessyln Riggs, Malachi Holloway and Kumari Clayton by Toni Riggs and Robin Sanford | Unsubstantiated 8-15-18 | y | 8-15-18 Family Preservation Services |

| | | | | |
|---|---|---|---|---|
| 3-15-17 | PHA/EMA of Malachi and Kumari by mother, Toni | Unsubstantiated | | |
| 2-1-17 | PHA/EMA of Blessyn, Malachi and Kumari by mother, Toni. | Unsubstantiated | | |
| 12-28-2017 | PHA/EMA of Blessyn, Malachi, and Kumair by Toni | Unsubstantiated | | |
| 12-10-2015 | PHA of Malachi by Toni. | Unsubstantitated | | |
| 5-4-15 | PHA of Malachi by Robin Sanford. | Unsubstantiated | | |
| 4-19-13 | WPC-concerns of Toni not receiving mental health services or medication | | | |
| 5-16-11 | WPC-Toni smacking children | | | |
| 6-14-10 | WPC-Kumair born positive for cocaine | | | |
| 2-22-08 | WPC-Blessyn born premature and positive for cocaine | | | DCCCA services, WRC services |

**11a.    The following custody arrangement is requested:**

| | |
|---|---|
| ☒ | DCF custody for appropriate placement. |
| ☐ | Maintain parental custody (In custody, but remain placed in parental home). |
| ☐ | Relative / Kinship placement (In custody, but placed with a relative).  See below |

| Relative / Kinship Placement Name Relationship to Child/Children | Address City/State/Zip | Area Code and Telephone # |
|---|---|---|
| | | |
| Explain measures taken to ensure placement is appropriate including home assessment, records checks, etc.: | | |

**11b.    DCF REQUEST FOR COURT ORDERS PERTAINING TO ANY IMMEDIATE SAFETY NEEDS/CONCERNS:  (Example:  No contact order, etc.)**

| |
|---|
| |

**12. The Indian Child Welfare Act IS applicable for the following child/children: (If applicability is unknown, please indicate)**

Check the Boxes that applies
Mother

| | |
|---|---|
| x | Mother - UNKNOWN if there is Indian Heritage at this time |
| ☐ | Mother states she does NOT have Indian heritage |

☐ Mother states she has Indian heritage, BUT does not know through which tribe

☐ Mother states she has Indian Heritage:

| | Through which side of the family (check whichever applicable) |
|---|---|
| ☐ | Mother's Maternal Relatives |
| ☐ | Mother's Paternal Relatives |
| ☐ | Relative's name, including maiden name if applicable: |
| ☐ | Relative's DOB: |
| ☐ | Relative's Relationship to child/children: |
| ☐ | Tribe(s): |
| ☐ | Tribal role number, if known (make a copy of the card if possible) |
| ☐ | Area of country or state: |

| **Father/Alleged Father Name:** | Nathan Holloway |
|---|---|

| x | Father - UNKNOWN if there is Indian Heritage at this time |
|---|---|
| ☐ | Father states he does NOT have Indian heritage |
| ☐ | Father states he has Indian heritage, BUT does not know through which tribe |
| ☐ | Father states he has Indian Heritage: |

| | Through which side of the family (check whichever applicable) |
|---|---|
| ☐ | Father's Maternal Relatives |
| ☐ | Father's Paternal Relatives |
| ☐ | Relative's name, including maiden name if applicable: |
| ☐ | Relative's DOB: |
| ☐ | Relative's Relationship to child/children: |
| ☐ | Tribe(s): |
| ☐ | Tribal role number, if known (make a copy of the card if possible): |
| ☐ | Area of country or state: |

| Father/Alleged Father Name: | Maurice Waweru |
|---|---|

| x | Father - UNKNOWN if there is Indian Heritage at this time |
|---|---|
| ☐ | Father states he does NOT have Indian heritage |
| ☐ | Father states he has Indian heritage, BUT does not know through which tribe |
| ☐ | Father states he has Indian Heritage: |

Through which side of the family (check whichever applicable)

| ☐ | Father's Maternal Relatives |
|---|---|
| ☐ | Father's Paternal Relatives |
| ☐ | Relative's name, including maiden name if applicable: |
| ☐ | Relative's DOB: |
| ☐ | Relative's Relationship to child/children: |
| ☐ | Tribe(s): |
| ☐ | Tribal role number, if known (make a copy of the card if possible): |
| ☐ | Area of country or state: |

| Father/Alleged Father Name: | Nate * Clayton |
|---|---|

| x | Father - UNKNOWN if there is Indian Heritage at this time |
|---|---|
| ☐ | Father states he does NOT have Indian heritage |
| ☐ | Father states he has Indian heritage, BUT does not know through which tribe |
| ☐ | Father states he has Indian Heritage: |

Through which side of the family (check whichever applicable)

| ☐ | Father's Maternal Relatives |
|---|---|
| ☐ | Father's Paternal Relatives |
| ☐ | Relative's name, including maiden name if applicable: |
| ☐ | Relative's DOB: |
| ☐ | Relative's Relationship to child/children: |
| ☐ | Tribe(s): |

Page 12

| ☐ | Tribal role number, if known (make a copy of the card if possible): |
| ☐ | Area of country or state: |

*For below, see attached examples*

13. **Mother is not appropriate at this time.**
   - Mother is unable to provide a safe and stable living environment for her child/children at this time.
   - Mother has substance use/abuse issues which interfere with her ability to provide appropriate care for her child/children.
   - Mother has a history of domestic violence with _Robin Sanford.

14. **Father _Nathan Holloway_____ is not appropriate at this time.**
   - Father is unable to provide a safe and stable living environment for his child/children at this time.
   - Father has a history of criminal activity resulting in convictions for _Opiates, Opium or Narcoti Drugs:Possession:1ˢᵗ Off 5-4-2007; 5-4-2005 Taxation;Drugs;Evidence of Tax Payment.;7-21-2009 Child passenger safety;restraining systems and seat belt;7-21-2009 Driving while a habitual violator; 9-8-2009 Domestic Battery, 3ʳᵈ conviction with in 5 years, intentional bodily harm caused by family member to family member.
   - Father has failed to provide financial, physical and/or emotional support for his child/children.
   - Father failed to intervene on behalf of his child/children.

15. **Father _Maurice Waweru_____ is not appropriate at this time.** *(Delete, if not applicable)*
   - Father is unable to provide a safe and stable living environment for his child/children at this time.
   - Father has failed to provide financial, physical and/or emotional support for his child/children.
   - Father failed to intervene on behalf of his child/children.

16. **Father _Nate Clayton_____ is not appropriate at this time.** *(Delete, if not applicable)*
   - Father is unable to provide a safe and stable living environment for his child/children at this time.
   - Father has failed to provide financial, physical and/or emotional support for his child/children.
   - Father failed to intervene on behalf of his child/children.

_____
Worker Signature

Page 13

Verification
State of Kansas          )
County of Sedgwick      )ss

I, Deborah Cochran, LBSW, of lawful age, first being duly sworn upon my oath, state and affirm that I am the above named applicant and that the above contained information is true and correct to the best of my belief and knowledge.

_____
Applicant

Subscribed and sworn before me this: 30th day of August, 2018.

My commission expires:_____

_____
Notary Public

Rev. January 2015

NOTARY PUBLIC - State of Kansas
JENNY VERBECK
My Appt Expires 8/6/20

Page 14

ELECTRONICALLY FILED
2018 Sep 11 AM 8:47
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-JC-000438-JB



**Court:**          Sedgwick County District Court

**Case Number:**    2018-JC-000438-JB

**Case Title:**     In the Interest of Blessyn S Riggs

**Type:**           Child Support Order

SO ORDERED.

/s/ Honorable J Patrick Walters

Electronically signed on 2018-09-11 08:47:53     page 1 of 6

ExF-Page1

Linda I. Priest #21588
Law Office Of
1005 N. Market
Wichita, KS 67214
Telephone: 316-665-0912
Email: lindapriestlaw@gmail.com

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK COUNTY, KANSAS
## JUVENILE DEPARTMENT

| | | |
|---|---|---|
| IN THE INTEREST OF | ) | |
| **BLESSYN S. RIGGS,** | ) | CASE NO. 2018 JC 00438-440 |
| FEMALE YEAR OF BIRTH 2008 | ) | |
| **MALACHI V. HOLLOWAY,** | ) | (cases consolidated) |
| MALE YEAR OF BIRTH 2009 | ) | |
| **KUMARI   CLAYTON,** | ) | |
| MALE YEAR OF BIRTH 2010 | ) | |
| Persons under eighteen (18) years of age | ) | |

Pursuant To Chapter 38 of Kansas Statutes Annotated

## CHILD SUPPORT ORDER PURSUANT TO REVISED KANSAS CODE FOR CARE OF CHILDREN

Comes now this matter before the Court on its own motion to determine child support pursuant to K.S.A. 38-2277.

WHEREUPON, after reviewing matters of record, the file, the statements of the parties, and being duly advised in the premises, enters the following findings and orders:

1.  The Court has personal jurisdiction over the Respondent, Mother, TONI T. RIGGS (Obligor).

2.  The Respondent is the biological mother of the minor children, Blessyn S. Riggs, born in 2008, Malachi V. Holloway, born in 2009, and Kumari Clayton, born in 2010.

3.  The Court applies the following presumptions to the Respondent (Obligor) pursuant to K.S.A. 38-2277(b); imputed federal minimum wage; income is not subject to adjustments pursuant to Child Support Worksheet (Exhibit A) Sec. C.; the age of the child is as alleged in the petition; no other adjustments pursuant to Child Support Worksheet Sec.

*Page 2*

D.4-9 are appropriate; no other adjustments pursuant to Child Support Worksheet Sec. E.1-5 are appropriate.

4. The code and this Court gives precedence to reintegrating children with their parents who face substantial immediate expense in this process.   Having examined the financial information furnished by the parent, the Court finds that setting support at the guideline amount, without allowance for this economic burden, will substantially impair reintegration efforts and be contrary to the best interest of the children, and to the policies set forth in the Kansas Code for Care of Children, K.S.A. 38-2201, et. Seq.

5. The Court finds that the adjustment set forth on the attached Child Support Worksheet (Attachment "A") E.6 is appropriate and the Respondent (Obligor) is ordered to pay $25.00 per month for current child support, effective September 1, 2018.

6. Pursuant to the 18th Judicial District Court Rules 426 and 603, this order shall remain in effect and have precedence until further court order.   This order shall be filed in any corresponding domestic case pursuant to Local Rule 426 and provided to the Office of the Court Trustee to issue an immediate income withholding order to Respondent, Toni T. Riggs, employer or other payer of income without further notice to the Respondent (Obligor) and to otherwise enforce it by any method allowed by law.

7. All payments shall be made payable to "Kansas Payment Center" and sent to:

**Kansas Payment Center**
**P.O. Box 758599**
**Topeka, Kansas 66675-8599**

The following information shall be provided or placed on all checks or money orders (a) Respondent (Obligor) name, (b) Respondent (Obligor) social security number; and (c) case number of the family law case to be affixed by the clerk of the district court upon registration of

Page 3

this order pursuant to K.S.A. 38-2279(a), including the two letter county identifier (example SG). Payments not paid through the Kansas Payment Center shall be presumptively disallowed and construed as gifts.

IT IS FURTHER ORDERED that the income withholding order shall be issued immediately as required by K.S.A. 23-3101 et. seq.   The Office of the Court Trustee shall immediately prepare the income withholding order, notice and answer forms for filing and service to the Respondent's (Obligor's) payor of income.   Each party shall inform the clerk of the District Court and the Court Trustee, in writing, of any change of name, residence and employer (with the business address) within 7 days of change.

**IT IS SO ORDERED.**

Approved:

 /s/ Linda I. Priest
Linda I. Priest #21588
*Attorney for Respondent (Obligor)*
*Mother, Toni T. Riggs*

## CERTIFICATE OF SERVICE

I, Linda Priest, certify that a true and correct copy of the above and foregoing child Support Order will be promptly emailed upon the e-filing of this order, properly addressed, to:

KS Dept. For Children and Families, Daniel Macias

 /s/ Linda I. Priest
Linda Priest #21588

Page 4

Linda I. Priest, #21588                                    **ATTACHMENT "A"**
1005 N. Market
Wichita, KS 67214
Tele:  316-665-0912
Email:  lindapriestlaw@gmail.com

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
JUVENILE DEPARTMENT

| | | |
|---|---|---|
| IN THE INTEREST OF | ) | |
| **BLESSYN S. RIGGS,** | ) | CASE NO. 2018 JC 00438-440 |
| FEMALE YEAR OF BIRTH 2008 | ) | |
| **MALACHI V. HOLLOWAY,** | ) | (cases consolidated) |
| MALE YEAR OF BIRTH 2009 | ) | |
| **KUMARI   CLAYTON,** | ) | |
| MALE YEAR OF BIRTH 2010 | ) | |
| | ) | |

Persons under eighteen (18) years of age

---

### CHILD SUPPORT WORKSHEET

Submitted by: Respondent Mother

| | | PARENT 1 Mother | PARENT Father | TOTAL |
|---|---|---|---|---|
| A. | INCOME COMPUTATION – WAGE EARNER | | | |
| 1. | Domestic Gross Income | $1,257.00 | | $1,257 |
| B. | INCOME COMPUTATION – SELF-EMPLOYED | | | |
| 1. | Self-Employment Gross Income | $    0.00 | $    0.00 | |
| 2. | Reasonable Business Expenses | $    0.00 | $    0.00 | |
| 3. | Domestic Gross Income | $    0.00 | $    0.00 | |
| C. | ADJUSTMENTS TO DOMESTIC GROSS INCOME | | | |
| 1. | Domestic Gross Income | $1,257.00 | $ | $ 1,257 |
| 2. | Court-Ordered Child Support Paid (-) | $ | $ | |
| 3. | Court-Ordered Maintenance Paid   (-) | $ | $ | |
| 4. | Court-Ordered Maintenance Received (+) | $ | $ | |
| D. | COMPUTATION OF CHILD SUPPORT | | | |
| 1. | Child Support Income (parent 1 + parent 2) | $ 1,257 | | $1,257 |
| 2. | Proportionate Shares of Combined Income (%) | | | |

*Page 5*

3.    Basic Child Support Obligation

| Age of Children | 0-5 | 6-11 | 12-18 | |
|---|---|---|---|---|
| No. Per-Age | | 3 | | |
| Total Amount | $0 | $483 | $0 | $483 |

*Cost of Living Differential Adjustment?    \_\_\_\_\_ Yes   \_\_x\_\_ No
**Multiple Family Adjustment?    \_\_\_\_\_ Yes   \_\_x\_\_ No

| | | PARENT 1 | PARENT 2 |
|---|---|---|---|
| 4. | Health and Dental Insurance Premium | $ | $ |
| 5. | Work-Related Child Care Costs | $ | $ |
| 6. | Parents' Total Child Support Obligation | $ | $ |
| 7. | Parental Child Support Obligation (Line D.2 x D.6 each parent) | $ | $ |
| 8. | Adjustment for Insurance/Child Care | $ | $ |
| 9. | Net Parental Child Support Obligation | $ | $ |

E.    CHILD SUPPORT ADJUSTMENTS          $      $

| APPLICABLE | N/A | CATEGORY | | AMOUNT ALLOWED PARENT 1 | PARENT 2 |
|---|---|---|---|---|---|
| 1. ( ) | ( X ) | Long Dist. Visit. Costs. | (+/-) | | |
| 2. ( ) | ( X ) | Parenting Time Adjustment | (+/-) | | |
| 3. ( ) | ( X ) | Income Tax Exemption | (+/-) | | |
| 4. ( ) | ( X ) | Special Needs | (+/-) | | |
| 5. ( ) | ( X ) | Agreement Past Minority | (+/-) | | |
| 6. ( X ) | ( ) | Overall Financial Cond. | (+/-) | $ (458.00) | |
| 7. TOTAL | | | | $ (458.00) | |

F.    DEVIATION(S) FROM REBUTTABLE PRESUMPTION AMOUNT

| 1. | Net Parental Child Support Obligations | $ 483.00 | $ |
|---|---|---|---|
| 2. | Total Child Support Adjustment (+/-)* | $ (45800) | $ |
| 3. | Adjusted Child Support Obligation | $ 25.00 | $ |

Prepared by:


 /s/ Linda I. Priest
Linda I. Priest #21588
Attorney for Toni T. Riggs, Respondent
Date Prepared:  09/09/2018

**BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS**
**STATE OF KANSAS**

Rowana K. Riggs,

        Appellant,

    v.

                                        OAH No.  21FS0161 FS

Kansas Department for Children
and Families,
                             JUN 2 8 2021

        Respondent.
                              Dept. for Children & Families
                              2601 S. Oliver St.
                              Wichita, KS 67210-1205

**INITIAL ORDER**

**Decision**

    The undersigned Presiding Officer/Administrative Law Judge (ALJ) has carefully considered the evidence presented and reviewed the applicable statutes, regulations and policies, and concludes that the action by the Kansas Department for Children and Families (DCF/Agency) denying the appellant's food assistance benefits application is affirmed.

**Statement of Case**

    This was initiated when the appellant, Rowana K. Riggs (Riggs) made a verbal request for an administrative hearing on or about April 16, 2021 regarding the Agency's denial of her food assistance benefits because her household exceeded the program income limit.  The hearing was requested in accordance with K.S.A. 75-3306, K.S.A. 75-37,121, and K.S.A. 77-501 *et seq.*

    A formal hearing on this matter was held by telephone on June 2, 2021.  Riggs appeared in person, *pro se,* and testified on her own behalf.  Jamie Roads (Roads), Human Services Consultant appeared *pro se* and provided testimony on behalf of the Agency.

**Evidentiary Rulings**

    The Agency requested that the Appeal Summary and attached documents be admitted into evidence. Riggs acknowledged receipt of the documents and had no objection to their admission. The Appeal Summary and attached documents were admitted as evidence.

Motion to Appeal. 6/18/2021.

I, Rowana K. Riggs, Request to Appeal the above Decision
On this Date: 6/18/2021.

Respectfully Submitted
Rowana K. Riggs

NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

Exhibit-1

Julie D. Scott
6/18/2021

## Findings of Fact

> On or about April 8, 2021, the Agency received an Application for Benefits from Riggs, applying for food assistance benefits for herself and three (3) grandchildren: Kumari, Malachi, and Blessyn.

While processing the application, Agency staff found Riggs received $2,035 per month in Social Security Disability Income (SSDI) and one of the grandchildren received Supplemental Security Income (SSI) in the amount of $794 per month. This was the only income identified for the household. Riggs was allowed the standard deduction, the standard utility deduction, a deduction for property tax paid on the home owned by Riggs, and a medical expense deduction.

The Agency learned that one grandchild, Blessyn, had been removed from the home and was no longer a member of Riggs's household, reducing the household size to three (3).

Upon completing the computation of food assistance benefits, the Agency concluded Riggs's household exceeded the Net Food Assistance Income limit for a household of three (3). Riggs's Net Food Assistance Income was $2,522 after deductions, while the limit was $1,810.

A notice was sent to Riggs on or about April 8, 2021 notifying her that the application was denied because the household exceeded the income limits.

Riggs made a verbal request to the Agency on April 16, 2021 requesting an administrative hearing to dispute the denial of food assistance benefits.

Riggs testified she applied for food assistance benefits for the grandchildren, not herself. Riggs acknowledged Blessyn had not been in the home since February 22, 2021 when she was "kidnapped" by two (2) men and removed from her home. Riggs went on to state that the other two (2) grandchildren were going to be "kidnapped" and removed from her home on Sunday, June 6, 2021.

Riggs requested that this case be stayed to allow for an FBI (Federal Bureau of Investigation) investigation.

> Riggs testified she was not receiving SSI for the grandchild, Malachi. Riggs acknowledged she had not been willing to sign the paperwork necessary for her to receive the payments for the grandchild.

> Other than disputing the receipt of the grandchild's SSI funds, no evidence was offered that the calculations by the Agency were incorrect.

## Analysis and Conclusions of Law

The burden of proof in this matter is by a preponderance of the evidence. The Kansas Supreme Court has held a preponderance of the evidence "means that evidence which shows a fact is more probably true than not true." *In re B.D.-Y.*[1] The appellant bears the burden of establishing by a preponderance of the evidence that the agency action at issue is invalid.

In taking its action, the Agency relies upon the provisions of the Kansas Economic and Employment Support Manual (KEESM). The provisions in the manual are based on state and federal regulations. The KEESM provisions are to be applied based upon the language of the provision at the time the act took place. In this matter the following KEESM provisions were applicable:

- "Gross income is utilized in determining eligibility and must be verified prior to granting approval to receive assistance. KEESM § 1322.1, #1.

- "Income shall be considered available when a client has a legal interest therein and the legal ability to make it available. Earned income is available to the individual producing it and all persons for whom he is legally responsible. Unearned income is available to the individual for whom it is intended and all persons for whom he is legally responsible." KEESM § 6100, #3.

- "The income of all persons whose needs are included in the cash assistance plan, food assistance household (including excluded and disqualified individuals) or child care nuclear family must be considered." KEESM § 6100, # 4.

- "Unearned income is any income that is not earned and may be derived from benefits (unemployment compensation, Social Security, VA, etc.), pensions, contributions, and settlements. Unearned income received or reasonably assured to be received in a month or in thee eligibility base period shall be considered." KEESM § 6200.

- "SSI benefits are considered the income of the person for whom they are intended." KEESM § 6220, # 3.

- "A prospective budgeting methodology is used to determine eligibility and the amount of benefits/family share for all programs. Prospective budgeting is based on an estimate reflecting the income received and/or expected to be received in the calendar month." KEESM § 7110. The policy provision then goes on to discuss the methodology for budgeting.

- The standards by which the Agency determines eligibility are found at KEESM § 7420 and the appendix cited therein.

---

[1] 286 Kan. 686, 691, 187 P.3d 594 (2008) (citing *Ortega v. IBP, Inc.*, 255 Kan. 513, 527-28, 874 P.2d 1188 (1994)).

- The State of Kansas Food Assistance Program Standards are found at KEESM Appendix F-2.

While Riggs indicated she had not received the SSI income paid to or for the benefit of her grandchild, Malachi, the policy provisions make it very clear that SSI benefits are countable as income for the person for whom it is intended. The Agency confirmed that Malachi was entitled to and receiving $794 per month in SSI benefits. These benefits were correctly included in the Agency's computations when determining Riggs's eligibility for food assistance benefits.

Riggs repeatedly asked that this matter be stayed to allow for an FBI investigation into the "kidnapping" of Riggs's grandchild(ren). The tribunal is not sure how this matter could be relevant to any investigation being conducted by the FBI as relates to the alleged "kidnapping" and the matter will not be stayed.

Utilizing Riggs's SSDI and the SSI reportedly paid for the grandchild, and allowing for the appropriate deductions, the Agency correctly compute the Net Food Assistance Income for Riggs's household. Riggs's Net Food Assistance income exceeded the State of Kansas Food Assistance Program Standards for a household of three (3).

The evidence presented has established that the Agency correctly calculated Riggs's income exceeded program income limits when determining her household's eligibility for food assistance benefits. As a result, Riggs's household was not eligible to receive food assistance benefits due to being over the allowable income limits.

Having carefully considered the evidence presented, the statutes, regulations and policies controlling the Agency's actions have been satisfied based on a preponderance of the evidence and the denial of Riggs's food assistance benefits application is affirmed.

.IT IS SO ORDERED.

Loren F. Snell, Jr.
Presiding Officer/Administrative Law Judge
Office of Administrative Hearings

## You May Seek Administrative Relief from This Order

Either side may ask for administrative relief from this order. You may seek three types of relief:
- A stay order, which suspends the application of the order;
- A rehearing of the case; or,
- An administrative review of this order by the State Appeals Committee.

**Stay Order.** Either side may ask for a stay which suspends the effectiveness of an initial or final order. To do so, you must submit to the presiding officer or agency head a petition asking for the initial or final order be stayed until it is reviewed. You may do this either before or after the date the order takes effect. If a stay order is issued it will expire when you can no longer timely file a petition for judicial review. K.S.A. 77-528.

**Rehearing.** If either side wants a rehearing, that party must file a petition asking for a rehearing. It must be filed with the Office of Administrative Hearings within 15 days after service of the initial order. The petition must state specifically why that party is asking for a rehearing. You are not required to file a petition for rehearing in order to obtain an administrative review of the initial or final order. If you file a petition for rehearing, it does not stay any time limits or suspend any further proceedings that may be held. K.A.R. 30-7-77.

**Administrative review.** Either side may ask for an administrative review of this initial or final order. To do so, you must file a petition asking that this order be reviewed by the State Appeals Committee. You must file this petition within 15 days from the date this initial or final order was served. If you fail to timely ask for an administrative review by the State Appeals Committee, you may not be able to obtain judicial review of the case. K.S.A. 77-527.

The petition for review may be mailed or personally delivered to DCF State Appeals Committee, Office of Administrative Hearings, 1020 S. Kansas Avenue, Topeka, Kansas 66612-1327.

If neither side requests an administrative review by the State Appeals Committee, this initial order becomes a final order 30 days from the date the initial order was served. K.S.A. 77-530.

## Certificate of Service

On _____June 16_____, 2021, I certify that a copy of the foregoing was placed in the United States first class mail, postage prepaid, addressed to:

>    Rowana K. Riggs
>    1953 N. Kansas St.
>    Wichita, KS  67214

and, I further certify that I caused a copy of the foregoing to be served electronically through OAH's e-filing system to:

>    Jamie Roads, HS Consultant
>    Wichita DCF Service Center
>    2601 S. Oliver
>    Wichita, KS  67210
>    Tel: (316) 337-6523

>    Laura Howard, Secretary
>    Department for Children and Families
>    555 S. Kansas Ave.
>    Topeka, KS 66603

Staff Person
Office of Administrative Hearings
1020 S. Kansas Avenue
Topeka, KS  66612
Tel: (785) 296-2433
Fax: (785) 296-4848

785- 996- 4848

BEFORE THE STATE APPEALS COMMITTEE
STATE OF KANSAS

Rowana K. Riggs,

        Appellant,

                              OAH No.  21ES0161 FS

v.

Kansas Department for Children
and Families,

        Respondent.

## ORDER SETTING BRIEFING SCHEDULE

This matter comes on for consideration before the Kansas Department for Children and Families (DCF) State Appeals Committee (SAC). The SAC establishes the following schedule for submission of written briefs by the parties:

A.    Rowana K. Riggs' (Riggs) brief is due on or before **July 22, 2021**.

B.    DCF's response brief is due no later than 30 days after Riggs' brief is served.

C.    Riggs' reply brief is due no later than 14 days after DCF's brief, if any, is served.

D.    Requests for additional time for filing briefs must be submitted in writing to the Office of Administrative Hearings, 1020 S. Kansas Ave., Topeka, KS 66612, no later than 4:30 p.m. on the date the brief is due.

E.    Briefs must be submitted to the Office of Administrative Hearings at 1020 S. Kansas Ave., Topeka, KS 66612.

Riggs is reminded that all filings must be served on the parties to the case.  Riggs did not serve DCF with her appeal.  The DCF SAC may not consider filings if not served on all parties.

IT IS SO ORDERED.

                                          *Cheryl L. Whelan*
                                          Cheryl L. Whelan
                                          Coordinator
                                          DCF State Appeals Committee

Exhibit 2 - Page 1

CERTIFICATE OF SERVICE

On _____ June 22 _____, 2021, I certify that a copy of the foregoing was placed in the United States first class mail, postage prepaid, addressed to:

Rowana K. Riggs
1953 N. Kansas St.
Wichita, KS 67214

and, I further certify that I caused a copy of the foregoing to be served electronically through OAH's e-filing system to:

Jamie Roads, HS Consultant
Wichita DCF Service Center
2601 S. Oliver Street
Wichita, KS 67210
Tel: (316) 337-6523

Laura Howard, Secretary
Kansas Department for Children and Families
555 S. Kansas Avenue – 6th Floor
Topeka, KS 66603

Shannon Stevens
Staff Member
Office of Administrative Hearings
1020 S. Kansas Avenue
Topeka, KS 66612
Tel: (785) 296-2433
Fax: (785) 296-4848

Page 2

Ph#
785-296
3 2 71

ELECTRONICALLY FILED
2021 May 17 PM 12:11
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-JC-000438-JB

Denise Donnelly-Mills  SC#14229
DONNELLY-MILLS & HOBSON LLC
301 W. Central Ave.
Wichita, KS  67202
Telephone: (316) 263-7977
Fax: (316) 264-9273
E-mail: ddm14229@yahoo.com

COPY

### IN THE EIGHTEENTH JUDICIAL DISTRICT
### DISTRICT COURT, SEDGWICK COUNTY, KANSAS
### JUVENILE CHILD IN NEED OF CARE DEPARTMENT

In the Interest of:                         )
                                            )
BLESSYN RIGGS                               )     Case No.  2018-JC-000438
Age 13 years, YOB 2008                      )
                                            )
MALACHI HOLLOWAY                            )     Case No.  2018-JC-000439
Age 12 years, YOB 2009                      )
                                            )
KUMARI CLAYTON                              )
Age 10 years, YOB 2010                      )
                                            )
Minor Children under the Age of 18 years    )



NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022
Julie D. Scott
7/14/21

### PLACEMENT'S OBJECTION TO AGENCY'S INTENT TO MOVE THE MINOR CHILDREN AND SEEKS A HEARING ON THE SAME.

COMES NOW, Rowana Riggs, maternal grandmother, interested party and kinship placement for the minor children by and through her court appointed attorney, Denise Donnelly-Mills of Donnelly-Mills and Hobson LLC and respectfully gives notice to the court of her objection to changing placement of the minor children and seeks a hearing on the same, pursuant to K.S.A. 38-2258(c).

In support of her objection, Ms. Riggs offers the following:

1.  Rowana Riggs is the maternal grandmother of the above minor children.

2.  The minor children have been in Ms. Riggs home for more than a year, and she has had placement of the minor children since some time in April 2020.

Page 1 of 2

Exhibit 3

3. Ms. Riggs recently received a notice/letter from St. Francis Ministries dated May 7, 2021 indicating the minor children were to be removed from her home on June 6, 2021.

4. Counsel for Ms. Riggs was not advised of the intent to move the children until May 13, 2021, when Jacquelin Owens sent her an e-mail containing a copy of the notice.

5. The notice from St. Francis does not reflect that the children are moving into an adoptive home.

6. Ms. Riggs maternal grandmother and placement is the one consistent the minor children have had through out their time in custody, and she has a substantial relation ship with them.

WHEREFORE, Ms. Riggs respectfully moves this court to find that it is not in the best interest of the minor children to remove them from their kinship placement.

THEREUPON, Ms. Riggs respectfully moves the court to enter an order consistent with this finding.

NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

*/s/ Denise Donnelly-Mills*
Denise Donnelly-Mills  SC#14229
Court Appointed Attorney for Maternal Grandmother

NOTICE OF HEARING

Be advised that a hearing on the above motion has been scheduled before the Honorable District Court Judge P. Walters at the Sedgwick County Courthouse, Juvenile Annex located at 1900 E. Morris, Wichita, KS  67214 for the 7th day of June, 2021 at 8:30 a.m.

CERTIFICATE OF SERVICE

The above certifies that on this the 17th day of May 2021 a true and correct copy of the above Motion was sent to the parties through District Court Electronic filing service and via email at:  brady.burge@sedgwick.gov, joelphesse@gmail.com, ampowell@dc18.org, jessie.basgall@st-francis.org, jacqueline.owens@st-francis.org, erica.lopez-davis@st-francis.org. and via United States mail, postage prepaid addressed to Rowana Riggs at 1953 N. Kansas, Wichita, KS  67214.

*/s/ Denise Donnelly-Mills*
Denise Donnelly-Mills  SC#14229

ELECTRONICALLY FILED
2021 May 17 PM 12:11
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-JC-000438-JB

Denise Donnelly-Mills  SC#14229
DONNELLY-MILLS & HOBSON LLC
301 W. Central Ave.
Wichita, KS  67202
Telephone: (316) 263-7977
Fax: (316) 264-9273
E-mail: ddm14229@yahoo.com



COPY

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK COUNTY, KANSAS
## JUVENILE CHILD IN NEED OF CARE DEPARTMENT

| | | |
|---|---|---|
| In the Interest of: | ) | |
| | ) | |
| BLESSYN RIGGS | ) | Case No.  2018-JC-000438 |
| Age 13 years, YOB 2008 | ) | |
| | ) | |
| MALACHI HOLLOWAY | ) | Case No. 2018-JC-000439 |
| Age 12 years, YOB 2009 | ) | |
| | ) | |
| KUMARI CLAYTON | ) | |
| Age 10 years, YOB 2010 | ) | |
| | ) | |
| Minor Children under the Age of 18 years | ) | |

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD

COMES NOW, Denise Donnelly-Mills court appointed attorney for maternal grandmother, interested party and kinship placement Rowana Riggs and respectfully moves this court for permission to withdraw as the attorney of record.

In support of this Motion, counsel offers the following:

1. On the 14th day of May 2021 Ms. Riggs filed a "Notice of Motion for ineffective assistance of Counsel" indicating she was unhappy with my legal representation on her behalf.

2. Communication between counsel and client has broken down to the extent it is irreparable.

*Exhibit 4*

NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

Julie D. Scott
7/14/21

3. To provide further explanation would violate attorney client privilege.

WHEREFORE, counsel for Ms. Riggs respectfully moves the court to find that court appointed counsel is unable to effectively communicate with Ms. Riggs, the attorney client relationship has broken down and is irreparable and enter an order authorizing counsel to withdraw from further legal representation of Ms. Riggs.

_/s/ Denise Donnelly-Mills_
Denise Donnelly-Mills  SC#14229
Court Appointed Attorney for Maternal Grandmother

### NOTICE OF HEARING

Be advised that a hearing on the above motion has been scheduled before the Honorable District Court Judge P. Walters at the Sedgwick County Courthouse, Juvenile Annex located at 1900 E. Morris, Wichita, KS  67214 for the 7th day of June, 2021 at 8:30 a.m.

### CERTIFICATE OF SERVICE

The above certifies that on this the 17th day of May 2021 a true and correct copy of the above Motion was sent to the parties through District Court Electronic filing service and via email at:  brady.burge@sedgwick.gov, joelphesse@gmail.com, ampowell@dc18.org, jessie.basgall@st-francis.org, jacqueline.owens@st-francis.org, erica.lopez-davis@st-francis.org. and via United States mail, postage prepaid addressed to Rowana Riggs at 1953 N. Kansas, Wichita, KS 67214.

_/s/ Denise Donnelly-Mills_
Denise Donnelly-Mills  SC#14229

NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

Julie D. Scott
7/14/21

# APPEAL SUMMARY

**DCF Office:**     <u>**Wichita Service Center**</u>

                                <u>**Wichita Regional Office**</u>

## I. IDENTIFYING INFORMATION      APPEAL NO.     21FS0161 FS

**Appellant's Name:**     Rowana K Riggs
**Address:**     1953 N Kansas St, Wichita, KS 67214

**Telephone Number:**     (918) 378-6621

| <u>Household Members</u> | <u>Date of Birth</u> | <u>Relationship</u> |
|---|---|---|
| Rowanna Riggs | September 04, 1957 | Primary Applicant |
| Malachi Holloway | May 22, 2009 | Grandchild |
| - Kumari Clayton | June 12, 2010 | Grandchild |

Type of Assistance:    Food Assistance

## II. DCF STAFF REPRESENTING THE AGENCY AT THE HEARING

**EES Representative:**     <u>Jamie Roads</u>
                                 Human Services Consultant

## III. EXACT STATEMENT OF THE APPELLANT (See Attached)

Exhibit 5

## IV. AGENCY ACTION

The Appellant disagrees with the agencies action to deny her (FA) Food Assistance application for over income.

**April 08, 2021** – The Appellant applied for FA benefits.  The Appellant reported on the application a household of 4 (herself and 3 grandchildren), but at the interview the same day it was noted one of grandchildren were not currently residing in the home.

The worker found that the Appellant received $2035/mo. in (SSDI) Social Security Disability Income and one of the grandchildren received $794/mo. in (SSI) Social Security Income. The worker allowed the (SUA) Standard Utility Allowance deduction, property tax of $280/yr. on the home the Appellant owns and the Medical Standard deduction.  The FA case was determined over the income limit with a net income of $2522/mo. and maximum for a household of 3 is $1810/mo. net income.  A notice was mailed.

**April 14, 2021** – The Appellant requested to appeal the action taken determining her FA household over the income limit.  The Appellant disagreed with the Agency counting her grandchild's income because she states she does not receive this income.

**April 23, 2021** – The Respondent reviewed the case and found that the income (SSDI and SSI) counted was correct per Social Security records.  The deductions were correct based on the application and interview forms (Medical Deduction, SUA, and taxes) were correct and that no other allowable expenses were reported.  The Respondent attempted to contact the Appellant twice and left message on voicemail.

**Date of Action:**

**Notice of Action dated:**    April 08, 2021

**Basis for Agency Action:**

Per policy, the Agency correctly determined that the (FA) Food Assistance household was over the income limit.  The worker took correctly counted the grandchild's income of $794/mo.in (SS) Social Security income as countable on the Appellants FA benefit case as well as correctly entering the Appellants SS Disability income.  Additionally, the worker correctly considered all allowable expenses that the Appellant is paying since the Appellants household is a special household and is determined by net income rather than gross income.

**Manual Reference(s):**    6100, 6200, 6211, 6220(2), 7420, 9122.5

CERTIFICATE OF SERVICE

On _____ June 22 _____, 2021, I certify that a copy of the foregoing was placed in the United States first class mail, postage prepaid, addressed to:

> Rowana K. Riggs
> 1953 N. Kansas St.
> Wichita, KS 67214

and, I further certify that I caused a copy of the foregoing to be served electronically through OAH's e-filing system to:

> Jamie Roads, HS Consultant
> Wichita DCF Service Center
> 2691 S. Oliver Street
> Wichita, KS 67210
> Tel: (316) 337-6523

> Laura Howard, Secretary
> Kansas Department for Children and Families
> 555 S. Kansas Avenue – 6th Floor
> Topeka, KS 66603

Shannon Stevens

Staff Member
Office of Administrative Hearings
1020 S. Kansas Avenue
Topeka, KS 66612
Tel: (785) 296-2433
Fax: (785) 296-4848

Ph#
785-296-
3271

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, JUVENILE DEPARTMENT
SEDGWICK COUNTY, KANSAS
mgma
IN THE INTEREST OF:

| | | | |
|---|---|---|---|
| BLESSYN S. RIGGS | B/F | BORN IN: 2008 | CASE NO: 2018JC000438 |
| MALACHI V. HOLLOWAY | B/M | BORN IN: 2009 | CASE NO: 2018JC000439 |
| KUMARI * CLAYTON | B/M | BORN IN: 2010 | CASE NO: 2018JC000440 |

**FIRST CLASS MAIL**

TO:   ROWANA RIGGS
        1953 N. KANSAS AVE
        WICHITA, KS 67214

### NOTICE OF POST-TERMINATION PERMANENCY HEARING
Pursuant to K.S.A. 38-2265

A permanency hearing has been scheduled as shown below.  The children, parents, any other person having legal custody of the above named children, the parties, interested parties, the children's foster parent(s) or permanent custodian, preadoptive or adoptive parents for the children, and any person having close emotional ties with the children who has so requested and is deemed by the Court to be essential to the deliberations may appear and will be given an opportunity to be heard.   Opportunity to be heard shall be at a time and in a manner determined by the Court and does not confer an entitlement to appear in person. Individuals receiving this notice shall not be made a party or interested party solely on the basis of this notice.

Date and time of hearing: **Thursday, July 22, 2021 at 10:45 AM**

Place of hearing: **18th Judicial District Court-Juvenile Department, 1900 E. Morris St., Wichita, KS 67211.** You may direct your questions or suggestions to Ann Powell, the assigned court services officer (CSO), at 1900 East Morris, Wichita, Kansas 67211-2730, or by phoning (316) 660-5500.

DATE:  1/4/2021



CLERK OF THE DISTRICT COURT

BY: _____

DEPUTY CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
### CERTIFICATE OF SERVICE
The undersigned hereby certifies that the above Notice of Post-Termination Permanency Hearing was served on this date, _____, as indicated below:

☐   Certified Mail return receipt requested through the U.S. Postal Service

☒   Mail Service by placing in an envelope properly addressed with prepaid postage through the US Postal Service

☐   Personal Service by delivering notice to _____, personally, OR by attaching summons and complaint to door of residence at above address.

_____
DATE                        SIGNATURE                              TITLE DEPUTY CLERK

*Ex6*

Rowana K. Riggs
Maternal Grandmother
1953 N. Kansas
Wichita, KS 67214
Telephone: (918) 378-6621

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK, COUNTY, KANSAS
## JUVENILE CHILD IN NEED OF CARE DEPARTMENT

| | | |
|---|---|---|
| In the Interest of: | ) | |
| | ) | |
| BLESSYN RIGGS | ) | Case No. 2018-JC-000438 |
| Age 13 years, YOB 2008 | ) | |
| | ) | |
| MALACHI HOLLOWAY | ) | Case No. 2018-JC-000439 |
| Age 12 years, YOB 2009 | ) | |
| | ) | |
| KUMARI CLAYTON | ) | Case No. 2018-JC-000440 |
| Age 10 years, YOB 2010 | ) | |
| | ) | |
| Minor Children under the Age of 18 years | ) | |

### STATEMENT OF ROWANA K. RIGGS IN THE MATTER OF
### THE KIDNAPPING OF GRANDCHILDREN BY THE STATE OF KANSAS
### AND ST. FRANCIS MINISTRIES

COMES NOW, Rowana K. Riggs, maternal grandmother, interested party and kinship

placement for the minor children and states to the Court.

On June 7, 2021, between 10:00 - 10:15 am, Ms. Jacqulin Owens and her Supervisor

were at the home of Rowana K. Riggs, with two Wichita Police Department officers. Not

members of the Sedgwick County Sheriff Department, who have jurisdiction over matters of the

County.

There was no Court Order by the Honorable Judge Patrick Walters to pick up my grandsons,

Malachi Holloway and Kumari Clayton.

Ex 7 - Page 1

I, Rowana K. Riggs called the Juvenile Court in Wichita, KS phone number (316) 660-5500 at 10:58 am regarding the removal of my grandsons from my home.

The Juvenile Court Clerk stated: There is no Judge or Court Order to remove my grandchildren from my home by Judge Patrick Walters or any other Honorable Judge of the 18 Judicial District.

This is a classic example of the Visible and Invisible Courts. A Visible or physical court is where you are able to see and talk to the Judge and where you are able to request a jury trial.

An Invisible court is a Court that you will never see a Judge if you are on trial or have a decision by the Judge. You are made to think you are receiving a decision by the Judge, courts but you never see the Judge or go to court.

As an example citing the actions on January 6, 2021, the coup attempt was to stop the validation of the Electoral Votes and certifying that President Biden had won the Presidential election. The protesters got carried away and attempted to kidnap and kill Vice President Pence and Speaker of the House Nancy Pelosi in order to stop the official certification of the President.

In my case, it was made to appear that St Francis Ministries had a Court Order from Judge Patrick Walters to take my grandchildren away from me when in fact St Francis Ministries did not have a Court Order or anything proving they were to take my grandchildren. This is clearly a case of kidnapping.

In closing the Court has never sent me, Rowana K. Riggs, a court date for a Hearing or a Court Order in the matter of my grandchildren by the Honorable Patrick Walters stating that my grandchildren should be taken away from me and St Francis Ministries have custody of my grandchildren. Pursuant to the letter dated May 7, 2021; See Exhibit E-A.

Rowana K. Riggs

Rowana K. Riggs
Maternal Grandmother
1953 N. Kansas
Wichita, KS 67214
Telephone: (918) 378-6621

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK, COUNTY, KANSAS
## JUVENILE CHILD IN NEED OF CARE DEPARTMENT

| | | |
|---|---|---|
| In the Interest of: | ) | |
| | ) | |
| **BLESSYN RIGGS** | ) | Case No. 2018-JC-000438 |
| Age 13 years, YOB 2008 | ) | |
| | ) | |
| **MALACHI HOLLOWAY** | ) | Case No. 2018-JC-000439 |
| Age 12 years, YOB 2009 | ) | |
| | ) | |
| **KUMARI CLAYTON** | ) | Case No. 2018-JC-000440 |
| Age 10 years, YOB 2010 | ) | |
| | ) | |
| Minor Children under the Age of 18 years | ) | |

## STATEMENT OF ROWANA K. RIGGS IN THE MATTER OF
## THE KIDNAPPING OF GRANDCHILDREN BY THE STATE OF KANSAS
## AND ST. FRANCIS MINISTRIES

State of Kansas    )
County of Sedgwick)

I hereby attest and confirm the above document was signed before me by Rowana K.
Riggs on ___6/10/2021___ , 2021 by Notary Public _Julie D. Scott_ .

My appointment expires: _March 31, 2022_



NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

## BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS
## STATE OF KANSAS

Rowana K. Riggs,

      Appellant,

v.                                                                OAH No.  21FS0161 FS

Kansas Department for Children
and Families,

      Respondent.

### NOTICE OF FAIR HEARING

Pursuant to K.S.A. 77-518 & 75-3306

       **DATE:**       **Wednesday, June 2, 2021**
       **TIME:**       **9:30 a.m.**
       **PLACE:**      **By Telephone**

The hearing will be conducted by telephone. K.S.A. 77-523(d) and K.A.R. 30-7-72. *The undersigned Presiding Officer/Administrative Law Judge (ALJ) will preside over the hearing. All parties are instructed to dial <u>1-866-620-7326</u> at the time designated above. When prompted, enter the following conference code: <u>0615083759</u> followed by the pound sign (#). If asked if you are the leader, do nothing. When prompted, state your name. You will then be placed in a holding pattern until all participants have joined the call.*

*If you are unable to participate by telephone you **<u>must</u>** notify the Office of Administrative Hearings (OAH) <u>in writing</u> at least one (1) week before the date scheduled for hearing so that alternate arrangements may be made.*

The issue in the hearing is whether the agency action was correct.

You should have received an agency summary from the agency/respondent explaining briefly the evidence and facts considered by the agency in making its decision. You and/or your representative(s) will have a chance to present additional testimony and evidence and correct any part of the summary which seems to you to be inaccurate. You will also have an opportunity to discuss the facts upon which the agency based its decision. If you will be presenting additional evidence, please send a copy of any papers, documents, or letters you wish to have considered to the presiding ALJ and the opposing party one week prior to the hearing date. Failure to do so may result in the papers, documents, or letters not being admitted or considered.

Ex 8

## Certificate of Service

On ___May 5___, 2021, I certify that a copy of the foregoing was placed in the United States first class mail, postage prepaid, addressed to:

> Rowana K. Riggs
> 1953 N. Kansas St.
> Wichita, KS 67214

and, I further certify that I caused a copy of the foregoing to be served electronically through OAH's e-filing system to:

> Jamie Roads, HS Consultant
> Wichita DCF Service Center
> 2601 S Oliver
> Wichita, KS  67210
> Tel: (316) 337-6523

Staff Person
Office of Administrative Hearings
1020 S. Kansas Avenue
Topeka, KS  66612
Tel: (785) 296-2433
Fax: (785) 296-4848

E-A

# 30-DAY NOTICE OF PLANNED MOVE LETTER



Date: 05/07/2021

Kinship Placement: Rowana Riggs
1953 N. Kansas
Wichita, KS, 67214

GAL: Joel Hesse
District Attorney: Brady Burdge
DCF Liaison: Aimee High
Grandmother's Attorney: Denise Donnelly-Mills

RE: Malachi Holloway
Court Case Number: 18 JC 439
Court of Jurisdiction: Sedgwick



RE: Kumari Clayton
Court Case Number: 18 JC 440
Court of Jurisdiction: Sedgwick

Dear Waiver Recipients:

As provided for in KSA 38-2258, this is a written 30-Day Notice of Planned Move for Malachi Holloway and Kumari Clayton. Malachi and Kumari will be moving on 06/06/21. The reason for this move is to achieve permanency for all three siblings.

On 04/26/21, Ms. Riggs was mailed a certified copy of her denied home assessment. Due to the denial, the agency is unable to move forward with Ms. Riggs as an adoptive resource for the siblings. Delaying moving the siblings will further delay their permanency. When referring to the home assessment, Saint Francis Ministries listed concerns with the well-being of the children resulting in a negative impact on them. Therapist statements share similar concerns with Saint Francis Ministries furthermore solidifying the move of the siblings.

Within 30 days of this notice you may request that the court conduct a hearing to determine if the proposed move is in the best interest of the child. You can request this hearing through the court of jurisdiction.

You may also waive your right to the 30-day notice by signing and dating the enclosed form. If you wish to waive this notice, please sign, and date the enclosed form and return it to the address noted on the form.

On the day of the move please make sure that the children's Medical Card, Consent for Medical Care, medication, blue book, and belongings are provided to the SFM staff transporting the children.

ExG - Page 1

Sincerely,
Jacquelin Owens, BSW
Adoption Permanency Specialist
Wichita Office

Cc:   Judge Patrick Walters                    Resource Family Worker

NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

7/14/21

# 30-DAY NOTICE OF PLANNED MOVE LETTER



I, Rowana Riggs, acknowledge receipt of the written 30-Day Notice of Planned Move for

and do here by waive said notice of move.  I consent to the placement change.  I agree

that the children, Malachi Holloway and Kumari Clayton, may be moved at Saint Francis

Ministries discretion, therefore, staff may arrange for an earlier move date as appropriate.


Signature _____    Date _____

Relationship to Child _____


Please return the signed waiver to    Saint Francis Ministries
C/O Jacquelin Owens
4155 E. Harry Street
Wichita, KS, 67218
_____

*(Saint Francis Ministries local office name and address)*


**Sent to:**
Resource Family
GAL
County Attorney
DCF Worker
Resource Worker
Other Interested Parties

"Statement of Rowana K. Riggs' Stalking and Provoking and Retaliations against me & my family"

It was said by the District Attorney in 2019 that I, Rowana K. Riggs, while in Juvenile Court for a hearing regarding my grandchildren, cases #2018JC00438, #2018JC00439 and #2018JC00440, morning docket at 8:30 am, that I had 2 cases, 2006 and 2008 and that I had done time in prison on both years and cases. I pulled the records for both years and all courts in Wichita and Sedgwick county Kansas and did not see any charge of any year 2006 or 2008. I even pulled the records from the Federal Court in Wichita KS and there is no record or charges found. I pulled records from the city and state courts for the years 2006 and 2008 and I did not have a charge of a crime for either 2006 or 2008. I have not done any prison time for any cases that were have been in either 2006 or 2008. I believe someone is lying on me.

I did get beat near to death in my parents' front driveway/yard on April 9, 2007 by Christian E. Cory, officer of the Wichita Ks Drug Task Force, Norman Williams, Chief of Police, Chaney and a host of other corrupt officers.

Why? Because I filed a lawsuit against Boeing and Boeing Credit Union over Life and Disability insurance owed to me out of the Boeing Credit Union, big time insurances. Aetna, American Heritage and CUNA Mutual still owe me to this day/date. They used the police department and sheriff department to harass, do bodily harm to me and my family, my children and other family members, friends and neighbors.

I believe they may have even killed Mr. Richard Aldrich, the big Union man at Boeing, Wichita KS, because they knew Mr. Aldrich was helping me, Rowana Riggs, to be paid the insurances due and owed to me out of Boeing Credit Union. I bought a new 1996 Chevy truck in 1996 or 1997. I bought a Chevy Blazer 1997 through Boeing Credit Union. This is how the insurances, Aetna, American Heritage and CUNA Mutual came in to this.

Sincerely signed,

Rowana Riggs
Rowana Riggs

4/12/2021

NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

Julie D. Scott
4/12/21

Ex10

**ADOPTION**
**HEALTH STATEMENT**

*Rowanda*

Saint Francis
M I N I S T R I E S

Name of Adoptive Parent _Rowana_ _K._ _Riggs_     DOB _9/4/195?_
                        (First)  (Middle)  (Last)

_1953 N. Kansas St._     _Wichita_     _67214_     _Sedgwick_
Street Address           City          Zip Code    County

TO BE COMPLETED BY LICENSED PHYSICIAN, OR NURSE TRAINED TO PERFOMR HEALTH ASSESSMENTS:

Sign one of the statements below (1 OR 2):

1.  I do not find evidence of physical or mental illness that would conflict with the ability to care for the health, safety of welfare of children.

_____     _5/19/2020_
Signature of Licensed Physician or Nurse trained to perform health assessments     Date (MM/DD/YYYY)

2.  I found evidence of physical or mental illness that would conflict with the ability to care for the health, safety or welfare of children.

_____     _____
Signature of Licensed Physician or Nurse trained to perform health assessments     Date (MM/DD/YYYY)

HARVARD
Family Physicians, P.C.
*Family Medicine  OB/GYN  Pediatrics  Pharmacy*
7912 East 31st Court · Suite 100 · Tulsa, OK · 74145

**John G. Abraham, MD**
Family Medicine

Diplomate American Board          Main: (918)743-8200
of Family Medicine               Fax: (918)749-8207

www.harvardfamily.com

Ex1L

IN THE EIGHTEENTH JUDICIAL DISTRICT

DISTRICT COURT, JUVBENILE DEPARTMENT

WICHITA, SEDGWICK COUNTY, KANSAS

In the Interest of the

Possible Kidnapping of

Blessyn S. Riggs

Year of Birth: 2008   B/F

Case No. 2018JC000438

I, Rowana K. Riggs, do swear and confirm that the following statements are true and correct.

1. I am the Maternal Grandmother of Blessyn S. Riggs, a minor child.

2. That on January 31, 2021, I took my granddaughter, Blessyn S. Riggs, to the Ascension Via Christi St Francis Hospital Emergency Room at 929 S. St Frances Wichita, KS 67214, for exhibiting signs of a possible seizure.

3. That on February 1, 2021, Blessyn S Riggs was transferred at KVC Hospital, 1507 W 21st St, Wichita, KS 67203 which is a children's psychiatric hospital.

4. That my three grandchildren have been in my home under my care and control in since March 2020.

5. I have asked for a Court Order giving me Temporary Custody of my grandchildren and as of February 2, 2021, I have not received a copy of the Temporary Custody order.

6. That although my three grandchildren, all minor children, are in my home that I have been informed that I have no rights to any benefits to ensure their medical care or education or any other type of benefits they may be eligible to receive.

Exhibit · 12

Case No. 2018JC000438

7.  That even though my granddaughter, Blessyn S. Riggs, a minor child, has been in my care and control since March 2020, I have been informed that I have no rights when it comes to her healthcare or decisions made in her best interest.

8.  I ask the Court to inform me of who and why was my granddaughter ordered to be placed at KVC Hospital, a children's psychiatric hospital?

9.  What are the two men's names, title and employer that took Blessyn S. Riggs from Ascension Via Christi St Francis Hospital and transported her to KVC Hospital?

Your Honor, I feel my granddaughter has been kidnapped and forcibly hospitalized thus being taken away from myself and her family without good cause or reason.

Respectfully Submitted

Rowana K. Riggs

Dated: 4/12/2021

NOTARY PUBLIC - State of Kansas
JULIE D. SCOTT
My Appt Expires March 31, 2022

4/12/21

I, Rowana K. Riggs called the Juvenile Court in Wichita, KS phone number (316) 660-5500 at 10:58 am regarding the removal of my grandsons from my home.

The Juvenile Court Clerk stated: There is no Judge or Court Order to remove my grandchildren from my home by Judge Patrick Walters or any other Honorable Judge of the 18 Judicial District.

This is a classic example of the  Visible and Invisible Courts.  A Visible or physical court is where you are able to see and  talk to the Judge and where you are able to request a jury trial.

An Invisible court is a Court that you will never see  a Judge if you are on trial or have a decision by the Judge.  You are made to think you are receiving a decision by the Judge, courts but you never see the Judge or go to court.

As an example citing the actions on  January 6, 2021, the coup attempt was to stop the validation of the Electoral Votes and certifying that President Biden had won the Presidential election.  The protesters got carried away and attempted to kidnap and kill Vice President Pence and Speaker of the House Nancy Pelosi in order to stop the official certification of the President.

In my case, it was made to appear that St Francis Ministries had a Court Order from Judge Patrick Walters to take my grandchildren away from me when in fact  St Francis Ministries did not have a Court Order or anything proving they were to take my grandchildren.  This is clearly a case of kidnapping.

In closing the Court has never sent me, Rowana K. Riggs, a court date for a Hearing or a Court Order in the matter of my grandchildren by the Honorable Patrick Walters stating that my grandchildren should be taken away from me and St Francis Ministries have custody of my grandchildren.  Pursuant to the letter dated May 7, 2021; See Exhibit E-A.

Rowana K. Riggs

*Rowana K. Riggs*

EX 3

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, JUVENILE DEPARTMENT
SEDGWICK COUNTY, KANSAS
mgma
IN THE INTEREST OF:

| | | | |
|---|---|---|---|
| BLESSYN S RIGGS | B/F | BORN IN: 2008 | CASE NO: 2018JC000438 |
| MALACHI V. HOLLOWAY | B/M | BORN IN: 2009 | CASE NO: 2018JC000439 |
| KUMARI * CLAYTON | B/M | BORN IN: 2010 | CASE NO: 2018JC000440 |

**FIRST CLASS MAIL**

TO:   ROWANA RIGGS
      1953 N. KANSAS AVE
      WICHITA, KS  67214

## NOTICE OF POST-TERMINATION PERMANENCY HEARING
Pursuant to K.S.A. 38-2265

A permanency hearing has been scheduled as shown below.  The children, parents, any other person having legal custody of the above named children, the parties, interested parties, the children's foster parent(s) or permanent custodian, preadoptive or adoptive parents for the children, and any person having close emotional ties with the children who has so requested and is deemed by the Court to be essential to the deliberations may appear and will be given an opportunity to be heard.   Opportunity to be heard shall be at a time and in a manner determined by the Court and does not confer an entitlement to appear in person. Individuals receiving this notice shall not be made a party or interested party solely on the basis of this notice.

Date and time of hearing: **Thursday, June 25, 2020 at 1:30 PM**

Place of hearing: **18th Judicial District Court-Juvenile Department, 1900 E. Morris St., Wichita, KS 67211.** You may direct your questions or suggestions to Scott R. Montoya, the assigned court services officer (CSO), at 1900 East Morris, Wichita, Kansas 67211-2730, or by phoning (316) 660-5500.

DATE: 4/8/2020      CLERK OF THE DISTRICT COURT

BY:   _Jake White_
      DEPUTY CLERK

**************************************************************************

### CERTIFICATE OF SERVICE
The undersigned hereby certifies that the above Notice of Post-Termination Permanency Hearing was served on this date, _____, as indicated below:

☐   Certified Mail return receipt requested through the U.S. Postal Service

☒   Mail Service by placing in an envelope properly addressed with prepaid postage through the US Postal Service

☐   Personal Service by delivering notice to _____, personally, OR by attaching summons and complaint to  door of residence at above address.

_____   _____   _____
DATE                  SIGNATURE             TITLE DEPUTY CLERK

Exhibit 14

Deposit Date:
    04/21/2020
Deposit Amount:
    $1,005.00


Item # Account # Check/Serial # Amount

1 XXXXXX8116 471 $1,005.00







To: The Honorable P.J. Walters Judge:

On 3/24/20, I, Rowana K. Riggs called this Court, The Clerk stated
that my Hearing was at 3:45 p.m., June 25 2020. See Ex: 1. A Ex 2
shows the checks I get from DCF. Therefore I have Custody
of my Grandchildren; And I request that this Court give me
that Court Order, showing that I have Custody of the Grandchildren

Questioned presented: On 3/24/20 Ms. Jackie Owens called me
at 11:30 a.m. Stating that she needed to know how much money is left
from the Social Security, because I have to spend $700.00 by the 1st of July
That fact is, I do not get any Social Security for the children. I request Ms
Jackie Owens, at 316-350-9720 give me all the granchildren Social Security
benefits + a Court Order of their SS benefits.        Signed:

about:blank   See Ex 15        Page 1        Rowana K. Riggs   6/22/2020

Deposit Date:
   05/06/2020
Deposit Amount:
   $798.00

Item # Account # Check/Serial # Amount

1 XXXXXX8116 47811 $798.00





*Page 2*

6/22/2020

Deposit Date:
     05/22/2020
Deposit Amount:
     $798.00

Item # Account # Check/Serial # Amount

1 XXXXXX8116 48494 $798.00









Deposit Date:
06/01/2020
Deposit Amount:
$774.00

Item # Account # Check/Serial # Amount

1 XXXXXX2811 49283 $774.00







Deposit Date:
  06/17/2020
Deposit Amount:
  $462.00

Item # Account # Check/Serial # Amount

1 XXXXXX8116 49930 $462.00







