## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROWANA K. RIGGS**, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-01325 (TNM) |
| **EIGHTEENTH JUDICIAL DISTRICT COURT, et al.**, | |
| Defendants. | |

## <u>MEMORANDUM OPINION</u>

Proceeding pro se, Plaintiff Rowana Riggs sued various Defendants residing in Kansas after she lost custody of her grandchildren. *See* Compl., ECF No. 1. Defendant St. Francis Ministries' ("St. Francis") seeks dismissal for lack of subject matter and personal jurisdiction, Defs.' Mot. To Dismiss (MTD), ECF No. 9, and the other Defendants have not been properly served. For the reasons explained below, the Court will dismiss the case.

## I.

Riggs alleges that she had custody over her three grandchildren and then lost custody after a visit to St. Francis Hospital in Wichita. *See id.* at 3. She went to court in Kansas, to no avail. *See id.* at 3–4. Riggs later came to this Court, suing the hospital, the Kansas state court, the Wichita Office of the Kansas Department for Children and Families, and St. Francis, which apparently employs social workers assigned to Riggs's custody case. *See id.* at 3. She accused them of conspiring to kidnap her grandchildren, among other things. *See id.*

After an initial review, this Court doubted that it had personal jurisdiction over any of the Defendants. So it ordered Riggs to show cause why her case should not be dismissed for lack of

personal jurisdiction.  *See* Min. Order, June 7, 2022.  Riggs then filed an Amended Complaint

suing only the hospital, the Department, and St. Francis.  *See* Am. Compl., ECF No. 3.

St. Francis now moves to dismiss for lack of jurisdiction.  It asserts that it is not subject to

personal or subject matter jurisdiction in the District of Columbia so that the case must be

dismissed.  Because the Court lacks personal jurisdiction over St. Francis, the Court will dismiss

the Amended Complaint against it without prejudice.[1]

## II.

To defeat a motion to dismiss for lack of personal jurisdiction, Riggs must make a prima

facie showing that the Court has personal jurisdiction over the Defendant.  *Mwani v. Bin Laden*,

417 F.3d 1, 7 (D.C. Cir. 2005).  And although courts hold a pro se litigant's allegations to a less

stringent standard than pleadings drafted by lawyers, *see Harris v. Bowser*, 404 F. Supp. 3d 190,

195 (D.D.C. 2019), *aff'd*, 843 F. App'x 328 (D.C. Cir. 2021), unrepresented litigants are "not

freed from the requirement to plead an adequate jurisdictional basis for their claims," *Gomez v.

Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).  This Court thus "examine[s] challenges to

personal jurisdiction . . . carefully to guard against the danger that a plaintiff might manufacture

venue in the District of Columbia" because the District is the seat of the federal government.

*Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

Riggs "must allege specific facts upon which personal jurisdiction can be based; [she]

cannot rely on conclusory allegations."  *Azamar v. Stern*, 662 F. Supp. 2d 166, 170–71 (D.D.C.

2009).  And the Court "may consider materials outside the pleadings in deciding whether to grant

---

[1]  Because the Court holds that it lacks personal jurisdiction over St. Francis, it declines to reach its arguments about subject matter jurisdiction.  *See Jankovic v. Int'l Crisis. Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007) ("A complaint may be dismissed for lack of personal jurisdiction without settling whether subject-matter jurisdiction exists.").

a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Personal jurisdiction "must be determined by reference to District of Columbia law." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). The District's law allows D.C. courts to exercise general personal jurisdiction "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Or, under the District's long-arm statute, a court may exercise specific personal jurisdiction over a non-resident defendant who, as relevant here, (1) "caus[es] tortious injury in the District of Columbia by an act or omission in the District of Columbia" or (2) "caus[es] tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, [or] engages in any other persistent course of conduct . . . in the District of Columbia[.]" *See* D.C. Code § 13-424(a)(3), (4).

\*   \*   \*

Riggs fails to show that St. Francis is subject to general jurisdiction in the District. She does not assert that St. Francis is organized under the laws of the District or that it maintains its principal place of business there. Indeed, Riggs alleges that St. Francis is incorporated in Kansas, *see* Am. Compl. at 2, and St. Francis has provided undisputed evidence that its principal office is in Salina, Kansas. *See* MTD, Ex. 3, ECF No. 9-3. The Court thus cannot exercise general personal jurisdiction under D.C. Code § 13-422.

Neither has Riggs established personal jurisdiction under the District's long-arm statute. The relevant provisions under the District's long-arm statute require either that the injury be caused "by an act or omission *in the District of Columbia*" or "by an act or omission outside the

District of Columbia if [a defendant] regularly does or solicits business," "transact[s] any business," or "engages in any other persistent course of conduct … *in the District of Columbia*[.]"  *See* D.C. Code § 13-423(a)(1), (3), (4) (emphasis added).  Riggs does not allege that her injuries resulted from an act or omission in the District of Columbia, and it is undisputed that all alleged tortious acts and injuries occurred in Kansas.  *See generally* Am. Compl..

Riggs similarly fails to allege that St. Francis solicits or transacts any business in the District.  Nor does she allege that St. Francis engages in any conduct there.  To the contrary, St. Francis has offered undisputed evidence showing that the jurisdictions in which it provides services are Kansas, Nebraska, Oklahoma, Texas, Mississippi, and Arkansas only, not the District of Columbia.  *See* MTD, Ex. 1, ECF No. 9-1.  Because Riggs's Amended Complaint lacks any factual allegations tying St. Francis to the District of Columbia, the District's long-arm statute does not allow the Court to exercise personal jurisdiction over St. Francis.

Even if St. Francis's conduct were covered by the District's long-arm statute, the Due Process Clause of the Fourteenth Amendment prevents the Court from exercising personal jurisdiction here.  *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).  "[A] tribunal's authority depends on the defendant's having such 'contacts' with the forum state that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'"  *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).

The kind of "contacts" that satisfy the *International Shoe* standard fall into two categories: general jurisdiction and specific jurisdiction.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  General jurisdiction attaches where a business has contacts so "continuous and systematic" as to "render them essentially at home in

the forum state." *Id.* (quoting *Int'l Shoe*, 326 U.S. at 317).  Specific jurisdiction, by contrast, requires an "affiliation between the forum and the underlying controversy." *Id.* (cleaned up).  As detailed above, Riggs fails to allege any facts connecting St. Francis to the District.  Without more, it would contravene the Due Process Clause (and the District's long-arm statute) to exercise personal jurisdiction over St. Francis.

### III.

As to the other Defendants, the public docket reflects that Riggs has yet to file proof of service.  Riggs's Affidavit of Service includes no proof that she mailed the service documents to them.  *See* ECF No. 4.  The Court ordered Riggs to, by September 12, 2022, either cause process to be served on each defendant and file proof of service with the Court or establish good cause for failure to do so.  *See* Min. Order, August 12, 2022.  The Court warned her that failure to do so would lead to dismissal of her case.  *See id.*  Because Riggs failed to file proof of service or establish cause, the Court will dismiss her claims against the remaining Defendants for failure to prosecute.

### IV.

For these reasons, the Court will dismiss the case without prejudice.  A separate Order will issue.

Dated: October 4, 2022                                      _____

                                                            TREVOR N. McFADDEN, U.S.D.J.